455 A.2d 723

**Rosemary T. DUNSMORE, Appellant,**

v.

**Walter B. DUNSMORE.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1982.

Decided Jan. 28, 1983.

Lynne Z. Gold-Bikin, Norristown, for appellant.

Thomas E. Waters, Norristown, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is a child custody case. The lower court awarded custody of the parties' daughter, now six years old, to the father. The mother has appealed. Because of procedural

errors, the case will be remanded with instructions to start over again.

■ The father was permitted to testify without being sworn. In its opinion the lower court explains that this occurred because "[the father] stood on his oath as a member of the Bar in good standing." Slip op. at 9. However, the father's status as an attorney entitled him to no special consideration. The parties must always be treated equally. The mother was sworn; so should the father have been.

Here it was especially important that the father be sworn, for his testimony was in conflict with the mother's. By permitting the father to testify without being sworn, the lower court necessarily gave the impression that in its eyes, the father, as a member of the bar, was a more credible witness than the mother.

■ The lower court ordered a study by the Montgomery County Children and Youth Services of the parties' residences and their relationship with the child. In its opinion the court states:

> Reports [the reports ordered by the court] dated September 14th and September 29, 1981 were submitted and considered before final custody was awarded. Factually, the reports comported with the credible testimony summarized heretofore. Though there was positive interaction between Coreen and both her mother and father, the reports concluded it was preferable that she remain in the more settled environment of her father's home.

Slip op. at 8.

The reports referred to were never shown to counsel for the parties; counsel were not notified by the court that it had received the reports; and counsel did not learn of the court's reliance on the reports until the court filed its opinion, over a year after its order awarding custody to the father. Nor do we know the contents of the reports, for they are not included in the record transmitted to us.

■ It is settled that in a contested case, reports may not as such be admitted into evidence or considered by the

court. The authors of the reports " 'must themselves be produced, sworn and examined as witnesses and be subject to cross-examination.' " *Wood v. Tucker*, 231 Pa.Super. 461, 463, 332 A.2d 191, 192 (1974) (quoting *Commonwealth ex rel. Oncay v. Oncay*, 153 Pa.Super. 569, 570, 34 A.2d 839 (1943)). *See also Kessler v. Gregory*, 271 Pa.Super. 121, 412 A.2d 605 (1979); *Rummel v. Rummel*, 263 Pa.Super. 97, 397 A.2d 13 (1979). Moreover, this court "has repeatedly made plain that in a child custody case ... the record must be complete ...." *Gunter v. Gunter*, 240 Pa.Super. 382, 390, 361 A.2d 307, 311 (1976). *See also Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973); *Williams v. Williams*, 223 Pa.Super. 29, 296 A.2d 870 (1972).

Given the foregoing errors, we shall remand for a new hearing. The hearing shall be held as promptly as practical and shall be conducted in conformity with this opinion. Pending the hearing, the child may remain in her father's custody. The testimony received at the new hearing shall be transcribed forthwith, and the court shall file its order, accompanied by its opinion, as promptly as practical. We think it advisable that the hearing be conducted by a different judge.

Reversed and Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.