458 A.2d 1020

**Lewis Robert SHAFFER**

v.

**Cathy Ann GAAL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1983.

Filed April 15, 1983.

Richard J. Bedford, Somerset, for appellant.

David Jeffrey Flower, Assistant District Attorney, Somerset, for appellee.

Before CERCONE, President Judge, and POPOVICH and VAN der VOORT, JJ.

PER CURIAM:

Appellant-mother and appellee-father are the natural parents of Rebecca Ann Gaal, born August 4, 1975; the parties were never married. Rebecca resided with her mother from birth until July 2, 1981; the father had visitation rights. On July 2, 1981, appellee-father took actual custody of Rebecca and filed a petition to gain legal custody. By order dated July 7, 1981, the father was given temporary custody pending the outcome of an evidentiary hearing to be held on July 20, 1981. After such hearing, Rebecca was interviewed in chambers. The court ordered an investigation of the parties to be conducted by a juvenile probation officer. By order dated June 3, 1982, Rebecca was placed in the custody of her father. The report of the probation officer was "filed for record" on July 26, 1982.[1] Appellant-mother here appeals from the grant of custody to appellee-father.

Appellant first complains that the hearing court impermissibly relied upon the probation officer's report, prepared subsequent to the hearing. Due process prohibits the use of reports in contested custody cases unless the author of such is produced, sworn and subjected to examination and cross-examination. *Palmer v. Tokarek*, 279 Pa. Superior Ct. 458, 421 A.2d 289 (1980); *Wood v. Tucker*, 231

---

1. On the basis of references to such report made in the order of June 3, 1982, it is clear that the report was submitted to the court prior to the issuance of the order. Whether such investigation delayed the court's order is unclear. Nonetheless, the more than ten (10) month delay between hearing and order is inordinate and will not be condoned.

Pa. Superior Ct. 461, 332 A.2d 191 (1974). Appellee contends that any information contained in such report "only confirmed" testimony taken at the hearing and the court only "refers to it sparingly in its opinion." We disagree with appellee's assessment and are required by due process to return this matter to the trial court.

The court's opinion was filed on July 26, 1982, subsequent to its "Memorandum Order" filed June 3, 1982. A reading of such order makes it absolutely clear that the above investigation did have a substantial influence upon the court's determination. The order in pertinent part reads:

At the conclusion of the hearing, we allowed the child to remain with the father in the child's paternal grandparents' home with liberal visitation in the [Appellant] with the provision that the visitation should not take place in the company of [the mother's fiance] one Donald Adams. The investigation by the Probation Department, indicates that despite the condition in the Visitation Order, Donald Adams continued to be present at visitation.

Recent investigation has further revealed that the Respondent has been keeping company with a known criminal who has just recently been apprehended. Under all the circumstances of this case, including the testimony and investigation, we are of the opinion that the custody of this child should remain with the father subject to controlled visitation by the mother.

"Although there may have been sufficient evidence of record to justify the court's finding, the denial of access to appellant of information relevant to the trial court's decision is violative of the process due to all litigants", *Wood v. Tucker*, 231 Pa. Superior Ct. at 464, 332 A.2d 191. Because of this violation of due process, we must vacate the order of the lower court and remand for a reconsideration of appellee's petition.[2] The court shall also hear and consider any evidence the parties wish to offer reflecting upon circumstances as they presently exist. Proceedings on remand

2. Due to our resolution of this appeal, we do not at this time address the substantive merits of the parties' positions.

should take place "with utmost dispatch." *In the Interest of LaRue,* 244 Pa. Superior Ct. 218, 235, 366 A.2d 1271, 1280 (1976). Any party aggrieved by the lower court's final resolution may file a new appeal with this Court. See, *In Re Donna W.,* 284 Pa. Superior Ct. 338, 349–50, 425 A.2d 1132, 1137–38 (1981).

Order vacated and case remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.