469 A.2d 270

**Edward T. ENGLISH, Appellant,**

**v.**

**Martha E. ENGLISH.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1983.

Filed Dec. 23, 1983.

Frank Robert Cori, Orwigsburg, for appellant.

Lanny George Felty, Pine Grove, for appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

Appellant Edward T. English appeals from the trial court orders (1) awarding primary custody of his son Matthew to appellee, the natural mother and (2) holding him in contempt of an earlier custody order which awarded primary custody to appellant and granted visitation rights to appellee. Because we find the record inadequate, we reverse and remand the custody order. We also affirm the contempt order.

The record indicates that the parties were married in April of 1979 and their only child, Matthew, was born October 13, 1979. The parties resided together until March of 1981 when appellee left the marital home. Subsequently, appellant, who continued to care for Matthew, petitioned for confirmation of custody. The evidence produced at the initial custody hearing revealed that appellant, a horse trainer, resided in a mobile home on a farm with the child. Because of his extensive work schedule, the child was taken to a babysitter for care during the day. Appellant's home and income were deemed adequate. Appellee, initially upon separation, resided with her sister and a third party in the third party's home in Philadelphia. Appellee was, at that time, involved in establishing a business venture, requiring her to be away from her residence for periods of time, thereby delegating Matthew's care to her sister.

The trial court determined, *inter alia,* that custody should be awarded to appellant because of his greater maturity and stability. Although the court found both parties to be fit, it was concerned with appellee's voluntary

abandonment of the child upon separation, her lack of maturity and the more suitable child care arrangements made by appellant.[1] Therefore, custody was awarded on December 30, 1981 to appellant with liberal visitation rights granted to appellee. No appeal was taken.

On September 2, 1982 appellee was refused visitation by appellant's babysitter who had appellant's consent to such refusal. There had been some hostility between appellee and both appellant and the babysitter prior to this incident. Appellant and the babysitter thereafter refused to allow appellee to see Matthew. Appellee filed a petition for contempt alleging appellant's violation of the December 30, 1981 order granting appellee visitation. The petition also prayed for modification of the previous custody order, to wit: custody to be awarded to appellee. Following a hearing, the trial court by order dated December 22, 1982 awarded primary custody of Matthew to appellee and granted appellant liberal visitation rights. By order dated December 23, 1982 appellant was held in contempt for disobeying the 1981 order regarding appellee's visitation.[2]

Our standards of review in custody matters have been summarized in *Lewis v. Lewis*, 267 Pa.Super. 235, 240–41, 406 A.2d 781, 783–4 (1979):

> In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own careful review of the evidence. In conducting this review, the appellate court will look to whether all the pertinent facts

---

1. Although not determined to have harmed the child, the evidence also indicated appellee's involvement with illegal drugs prior to the separation.

2. Subsequently, on January 17, 1983, the location where the parties were to meet to transfer custody of Matthew was changed by order of court. The January 21, 1983 order referred to in the caption was the date judgment was entered in this matter.

and circumstances of the contesting parties have been fully explored and developed. It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. (citations omitted)[3]

Appellant raises three issues on appeal: (1) whether the trial court abused its discretion in changing custody of the child on a petition for modification of a custody order, (2) whether the record is deficient and fails to support the trial court's findings as to custody and (3) whether the record supports the findings of contempt.

We note initially that the burden of proving substantial change of circumstances warranting a change in custody is upon the party seeking modification of the custody order. *Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982). However, once that substantial change has been established, both natural parents share equally the burden of demonstrating with which parent the child's best interests will be served. *Id.*

This court has recognized that one requirement of the complete record in a custody case is that disinterested testimony be heard concerning the fitness of each parent's home. *Hugo v. Hugo*, 288 Pa.Super. 1, 430 A.2d 1183 (1981). In the instant case, home study reports were ordered by the trial court at the September 1981 hearing and subsequently performed. The written reports were placed

---

**3.** We recognize that the issue of the proper scope of review applied in custody cases is presently before our *en banc* Court in the case of *IN RE Donna Williams*, 674 Pittsburgh, 1981, argued May 10, 1983; however, the exercise of a different scope of review in this case would not affect the result.

into evidence without the testimony of the persons who prepared these reports.[4]

It is settled that in a contested custody case, reports may not be admitted into evidence or considered by the court; the authors of the reports must themselves be produced, sworn and examined as witnesses and be subject to cross-examination. *Dunsmore v. Dunsmore*, 309 Pa.Super. 503, 455 A.2d 723 (1983). We note that neither party objected to the admission of the reports nor to the failure to produce the authors of the said reports. However, the trial court has a duty to ensure that the record is complete. *Id.*

It has been held that where competent, alternative evidence of the parties' home environment is included in the record, the improper admission of home study reports, where said reports were expressly not weighed in the trial court's deliberations, will not require reversal. *Sandra L.H. v. Joseph M.H.*, 298 Pa.Super. 409, 444 A.2d 1241 (1982). However, because of the requirement that disinterested testimony concerning the respective homes of the parties be presented, the error in the instant case was not harmless. Although the trial court did not explicitly state in its opinion that it had relied on the reports, there was no other disinterested testimony regarding the fitness of appellant's home and little regarding appellee's home. *See Hall v. Luick*, 314 Pa.Super. 460, 461 A.2d 248 (1983).

Also, the trial court was further required to consider the advantages and risks of a change in custody. This court has noted the importance to a child's development of a stable relationship with an established parental figure and a known physical environment. *Pamela J.K. v. Roger D.J.*, 277 Pa.Super. 579, 419 A.2d 1301 (1980). Where the child's parents are determined to be equally fit, or nearly so, as in the present case, the fact that a stable, long-continued and happy relationship has developed between the child and one parent may be of critical importance to the formulation of

4. The reports have not been included in the record as forwarded to this court. There is only a copy of them in appellee's brief.

an appropriate custody decree. *Id.* The trial court failed to fully discuss the possible effect on the child of the proposed transfer of custody. *See Hugo v. Hugo, supra* (continued residence of child with one parent may be controlling).

Therefore, we must reverse the order of January 21, 1983 as it grants primary custody to appellee and remand for further hearings.

Appellant also argues that the record fails to support the trial court's finding of appellant in contempt of the order of December 30, 1981 granting visitation privileges to appellee. We disagree.

As stated in *Pamela J.K. v. Roger D.J.*, 277 Pa.Super. at 593-4, 419 A.2d at 1309:

> When a custodial parent so obstructs the visits between the child and the non-custodial parent that the best interests of the child are no longer being served, a change of custody is warranted. Moreover, an obstruction of the right to visit the child is especially serious where, as in the present case, a court visitation order has been entered. A custodial parent who wilfully ignores a visitation order and obstructs the child's visits with the non-custodial parent is little different from the parent who ignores a court order awarding custody and by force or trick snatches the child from the other parent. In both instances, extra-legal means are used to defeat the other parent's established legal rights. Such conduct will not be tolerated by this court. (citations omitted)

Our review of the record makes clear that the trial court properly held appellant in contempt. Appellant could have avoided the contempt action by proceeding by legal means to have the visitation order modified. We find no merit to appellant's allegations that the trial court failed to take into account the mitigating circumstances surrounding appellant's decision to deny visitation, e.g., appellant's belief that the visitations were causing Matthew psychological harm. Such a belief, even if reasonably and honestly

held, does not justify the deliberate violation of an order of court in the instant circumstances.

Finally, appellant argues that the trial court based its change in custody order on appellant's violation of the visitation order.

A custody decree is not meant to punish a parent or anyone else, its only purpose is to help the children. *In re Custody of Temos*, 304 Pa.Super. 82, 450 A.2d 111 (1982). We need not rule on appellant's argument, however, because of our determination concerning the custody issue.

The order of January 21, 1983 is (1) affirmed as it applies to the December 23, 1982 order holding appellant in contempt and (2) reversed and remanded for further hearings as it applies to the award of primary custody to appellee. Jurisdiction is not retained.