470 A.2d 1002

**Larry M. COBLE**

**v.**

**Brenda K. COBLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Jan. 20, 1984.

446

John W. Purcell, Jr., Harrisburg, for appellant.

Donald Louis Jones, Middletown, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

In this appeal we are called upon to review an order awarding custody of a two year old male child to his father, Larry M. Coble, the appellee herein. Brenda K. Coble, the

child's mother and the appellant herein, complains that the trial court failed to prepare a sufficiently comprehensive opinion analyzing the ability of the parties to serve the best interests of the child and also that the court relied upon an investigative report without according appellant an opportunity to cross-examine the author and/or rebut the facts reported therein. Because appellant's latter objection is well taken, we reverse and remand for further proceedings.

It is now well settled that in contested custody cases, reports of investigators and doctors as such may not be received into evidence and may not be considered by the court. The authors of the reports must themselves be produced, sworn and examined as witnesses, and must then be available for and subject to cross-examination. *Hall v. Luick,* 314 Pa.Super. 460, 466, 461 A.2d 248, 252 (1983); *Dunsmore v. Dunsmore,* 309 Pa.Super. 503, 505–06, 455 A.2d 723, 724 (1983); *Kessler v. Gregory,* 271 Pa.Super. 121, 125, 412 A.2d 605, 607 (1979); *Wood v. Tucker,* 231 Pa.Super. 461, 463, 332 A.2d 191, 192 (1974); *Commonwealth ex rel. Oncay v. Oncay,* 153 Pa.Super. 569, 570, 34 A.2d 839 (1943). See also and compare: *Palmer v. Tokarek,* 279 Pa.Super. 458, 421 A.2d 289 (1980). The right of a litigant to in-court presentation of evidence and the right to confront and cross-examine adverse witnesses are essential requisites of due process. *Shaffer v. Gaal,* 312 Pa.Super. 399, 458 A.2d 1020 (1983); *Wood v. Tucker, supra.*

At the conclusion of the hearing in the instant case, the trial court directed "that a social agency conduct an investigation. As soon as we get that information I will again confer with counsel on both sides and we will decide at that point after we receive the report." An investigation was made and a report prepared by the Dauphin County Social Service for Children and Youth. The court's opinion leaves no doubt that the report was considered in arriving at its custody determination. Unfortunately, the record discloses no conference with counsel and no subsequent hearing. Appellant had no opportunity to cross-examine the investigator who prepared the report and no opportuni-

ty to rebut the facts recited therein.[1] Upon receipt of the report, the trial court, without further ado, entered an order awarding custody of the child to appellee. This was error and requires that we reverse and remand for further proceedings.

■ Because the case must be remanded, it may not be amiss to suggest that additional proceedings should take place with the utmost dispatch. See: *Shaffer v. Gaal, supra,* 312 Pa.Superior Ct. at 401–02, 458 A.2d at 1021. We also repeat for the benefit of court and counsel the necessity for a comprehensive analysis and review as set forth in *Parks v. Parks,* 284 Pa.Super. 400, 406–407, 426 A.2d 108, 111 (1981). We there said:

> In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record.... In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. It is the responsibility of the [trial] court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. Where the record is incomplete or the opinion of the [trial] court is inadequate, the case will be remanded.

*Id.,* 284 Pa.Superior Ct. at 406–407, 426 A.2d at 111 (citations omitted). See also: *Hall v. Luick, supra,* 314 Pa.Superior Ct. at 461–62, 461 A.2d at 249. This requires more than a statement that "both parents are capable of caring for the child." It requires, at the very least, a statement which enables a reviewing court to determine the reasons for the trial court's opinion that the best interests of the

---

1. The report has not been made a part of the record and, therefore, is not before this Court for review.

child will be met by the award of custody which it has made.

Reversed and remanded for proceedings consistent with this opinion.