Somerton Civic Association, Appellant *v.* Zoning Board of Adjustment and Irvin Green, Appellees.

Argued December 9, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eugene E. Kellis, Stief, Waite, Gross, Sagoskin & Kellis,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, for appellee, Philadelphia Zoning Board of Adjustment.

*Leonard J. Bucki,* with him, *Franklin Spitzer,* for appellee, Irvin Green.

Opinion by Judge Rogers, January 22, 1986:

This is the appeal of Somerton Civic Association, Inc. from an order of the Court of Common Pleas of Philadelphia County upholding the grant by the Philadelphia Zoning Board of Adjustment (board) of variances to the intervenor, Irvin Green. The variances would permit Green to establish on an 11 acre tract located in an L-2 Limited Industrial [zoning] District an automobile retail sales and service establishment, a body and fender work and paint shop, an open air storage and display area and a free standing sign. The variances were required because the uses to which Green desired to put the tract were not permitted in the L-2 Limited Industrial District and because the 20 feet setback proposed for the free standing sign was one-half the setback required by the zoning regulations.

The board granted the variances and the court of common pleas, which received no additional evidence, affirmed.

The appellant contends that the intervenor failed to prove his entitlement to the variances. We agree.

The only evidence offered at the board's hearing in support of the variances is the following apparently unsworn statement made by counsel for the intervenor.

Gentlemen, this property is at the wasteland created by the ramp from westbound Woodhaven Road into northbound Roosevelt Boule-

vard to get off I-95. And it ravels past the race track towards the Boulevard, Route 1. The property is precisely at the intersection of the Woodhaven Road ramp and the Boulevard. Through all of the negotiations with the City in order to plan this proposed new car automobile dealership, they have requested and we have acquiesced that there be no exit or entrance from this property onto Roosevelt Boulevard. So the access is through the side near the Armory, north on the Boulevard, and into a cul-de-sac called Black Lake Road. You can see that on the plan. The proposal is for a new car dealership for Irvin Green.

Its plan, which you have before you, shows that the proposal is for a one-story service building, a normal dealership building, and a showroom closer to the actual intersection of the two roads. There is sufficient parking. It's an area which is, at the present time, heavily wooded. Its actually because of the location and nature of the property, not useable for any businesses.

The one basis of the refusal is the fact that the sign is put closer than the required 40 feet from the roadway. Because of this peculiar location and the speed of the traffic, it's essential that the sign be closer to the intersection of the streets. That's the one refusal. The other is the use for this particular property.

Because of the proposed new dtalership, it will be prettily landscaped and it will be attractive. We believe, because of the traffic in the area, this will not add to any parking or traffic problems.

We have Mr. Green and our architect, Mr. Bass with us to give you any answers to any questions you may have. I'll quickly add the letters from PIDC which I've handed up this morning and they show the nature of the transaction whereby we would acquire the property from the City.

The PIDC, referred to by the witness, is the Philadelphia Industrial Development Corporation. The first of the two letters referred to by Green's counsel reports that PIDC has approved a grant to the intervenor for his proposed automobile sales and service project and the second urges the board to grant the intervenor's application.

Section 14-1801 of the Philadelphia Zoning Code[1] empowers the board to authorize variances where owing to special conditions, literal enforcement of the zoning ordinance will result in unnecessary hardship. Section 14-1802 requires the board in variance cases to consider, *inter alia*, whether the conditions complained of by the applicants are unique to their properties and among other factors not necessary to mention whether the grant of the variances will adversely affect the public health, safety or general welfare. The requirements are those standard to Pennsylvania law. Additionally, in *East Torresdale Civic Association Appeal*, 85 Pa. Commonwealth Ct. 12, 481 A.2d 976 (1984); *affirmed per curiam sub nom. East Torresdale Civic Association v. Zoning Board of Adjustment of the City of Philadelphia and James Flannery*, 508 Pa. 614, 499 A.2d 1064 (1985) it was held that the usual requirement that the relief granted by variance should not exceed that necessary to cure the alleged hardship

---

[1] The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202 is not effective in the City of Philadelphia, a City of the First Class.

applied in Philadelphia although it is not expressly mentioned in the City Code.

One questioning the substantive validity of a zoning ordinance who requests a variance which will enable him to establish a use of land other than the uses permitted by the zoning regulations seeks a so-called validity variance; that is to say, his application is founded upon the assertion that, and he must prove that the physical characteristics of his property or of the neighborhood or both are such that the property has no value or only a distress value as zoned so that another use must be allowed to avoid the confiscation of the property by zoning regulation. *McGinnis Appeal*, 68 Pa. Commonwealth Ct. 57, 448 A.2d 108 (1982); *cert. denied*, 461 U.S. 944 (1983).

As is apparent without necessity of extended analysis, the statement delivered by intervenor Green's counsel supplies no proofs of characteristics of the property or of the neighborhood which render the property unsuitable for the uses allowed in the L-2 Limited Industrial District, which we now record as including a wide variety of commercial and manufacturing uses of which the following are a few examples: bottling and canning, paper cutting and embossing, cold storage plants, fruit and vegetable freezing and packaging, and the manufacture of clothing, curtains, draperies, coin machines, electrical appliances, jewelry, and leather goods. Counsel's statement that the property because of its location and nature "is not usable for any businesses" is ineffectual, coupled as it is with an application to establish an automobile sales and service agency. The statement provides neither evidence nor argument supporting a conclusion that the property cannot be profitably used for any of the numerous commercial and industrial uses allowed in the L-2 Limited Industrial District.

Clearly, counsel's statement that due to the contour of the land and the speed of the traffic it is essential that the sign be closer to the road than the city's 40 feet setback does not establish that the city's 40 feet setback imposes a condition of hardship unique to this property.

We think it appropriate to comment briefly concerning the apparent failure to require or the parties to suggest that the witnesses' testimony should be given under oath. For 267 years a Pennsylvania statute has required that causes shall be enquired of by witnesses by taking a corporal oath or solemn affirmation. 1 Smith's Laws 111 (1718). The current version is at 42 Pa. C. S. §5901. It applies in judicial proceedings in any tribunal within the Commonwealth. 42 Pa. C. S. §5902. A tribunal includes a government unit when performing quasi-judicial functions. 42 Pa. C. S. §102. One's status as an attorney entitles him to no special consideration. *Dunsmore v. Dunsmore,* 309 Pa. Superior Ct. 503, 455 A.2d 723 (1983).

The order of the court of common pleas is reversed; and the order of the zoning board of adjustment is set aside.

ORDER

AND NOW, this 22nd day of January, 1986, the order of the Court of Common Pleas of Philadelphia County is reversed; and the order of the Philadelphia Zoning Board of Adjustment is set aside.

OPINION AND ORDER BY JUDGE ROGERS, April 23, 1986:

The Zoning Board of Adjustment of the City of Philadelphia has applied for special relief pursuant to Pa. R.A.P. 123 from a dictum of this court appearing in the opinion of the case of *Somerton Civic Associ-*

*ation v. Zoning Board of Adjustment,* 94 Pa. Commonwealth Ct. 271, 503 A.2d 500 (1986). The dictum was to the effect that the Zoning Board of Adjustment's apparent practice of either administering or not administering oaths to witnesses at its hearings, as the Board in its discretion decides was contrary to Pennsylvania statutory law applicable to governmental units requiring that witnesses at hearings of quasijudicial tribunals be sworn.

The Zoning Board of Adjustment avers that there are 250 matters presently at issue before the Board in which hearings have been conducted without sworn testimony and, assuring us that the Board has taken remedial measures to conform to our dictum, asks with respect to its pending proceedings that our dictum should be declared to have only prospective effect. We will accede to this request and hence enter the following:

ORDER

AND Now, this 23rd day of April, 1986, it is ORDERED that our dictum to the effect that it is improper for the Zoning Board of Adjustment of the City of Philadelphia not to require an oath of witnesses at its evidentiary hearings, shall have only prospective effect with respect to matters presently pending before the Board.