Kelly JACKSON, Petitioner,

v.

INDIANA UNIVERSITY OF PENNSYL-
VANIA and the State System of High-
er Education, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 1997.
Decided June 20, 1997.

Shelly J. Todd, Harrisburg, for petitioner.

Wayne S. Melnick, Harrisburg, for respondents.

Before COLINS, President Judge, and
DOYLE, SMITH, FRIEDMAN, KELLEY,
FLAHERTY and LEADBETTER, JJ.

FLAHERTY, Judge.

Kelly Jackson (Jackson) appeals from the
February 29, 1996, determination of the
Indiana University of Pennsylvania (IUP)
and the State System of Higher Education
(SSHE) (together Respondents) which sus-
pended her for a period of two (2) years.[1]

---

1. Jackson originally filed a petition for re-
view/notice of appeal and a motion for prelimi-
nary injunction with this court. Respondents
filed preliminary objections. A hearing on both
matters was scheduled. By an April 23, 1996,
order this court: sustained Respondent's prelimi-
nary objections regarding the question of juris-
diction, as well as Jackson's failure to adhere to
the Pennsylvania Rules of Appellate Procedure;
granted Respondents' motion to amend the cap-
tion; and afforded Jackson leave to amend her
petition for review.

Additionally, here, Jackson has failed to pagi-
nate the reproduced record in accordance with
Pa. R.A.P. 2173.

Jackson was a student at IUP. On February 4, 1996, Jackson was involved in a confrontation with another student on IUP's property. As a result, Jackson was charged with violating Student Behavioral Regulations "C7a Abuse," "C9a Disorderly Conduct" and "C12 Weapons." On February 21, 1996, Jackson pleaded "in violation" to "C9a Disorderly Conduct" but "not in violation" to "C7a Abuse" or "C12 Weapons."

After consideration of the evidence before it, the Residence Hall Judicial Board (Hearing Board) found Jackson in violation of all three regulations. Specifically, the Hearing Board found that Jackson, in violating regulations C7a and C9a, "threatened the well-being of [another student] by 'getting into her face' during an argument, throwing a salt shaker at her, and entering her apartment with a knife." (February 23, 1996, Hearing Board decision, p. 1). Additionally, the Hearing Board found "that it was more likely than not that [Jackson was] 'in violation' of C12 Weapons and that [Jackson] did bring a knife into [the other student's] room for the purpose of threatening her." *Id.*

As a result of this hearing, Jackson was: suspended from IUP until May 31, 1997; found ineligible for IUP housing until May 31, 1998; not permitted to visit IUP owned housing until May 31, 1998; and not permitted to have any contact with the other student.

IUP's regulations provide an avenue of appeal from the Hearing Board's findings. If the Hearing Board sanctions an expulsion, the appeal is taken directly to the President of IUP. In all other instances, including the present matter, the appeals are taken to the Director of Housing and Residence Life, Betsy Joseph (Director Joseph). As such, Jackson appealed the "C12 Weapons" violation to Director Joseph, who upheld the Hearing Board's determination. Jackson now appeals to this court.[2]

On appeal Jackson questions whether the decision of the Hearing Board failed to contain the specific evidence relied upon thus violating Jackson's due process rights and whether Respondents violated the Pennsylvania Constitution and Jackson's procedural and due process rights or committed an error of law by suspending her based on a procedure which allegedly commingled prosecutorial and adjudicatory functions.[3]

Initially, we note that the decision of the Hearing Board did contain the specific evidence relied upon; thus, no violation of Jackson's due process rights occurred. As stated in the facts above, the Hearing Board specifically found that Jackson, in violating regulations C7a and C9a, "threatened the well-being of [another student] by 'getting into her face' during an argument, throwing a salt shaker at her, and entering her apartment with a knife." (February 23, 1996, Hearing Board decision, p. 1). Additionally, the Board found "that it was more likely than not that [Jackson was] 'in violation' of C12 Weapons and that [Jackson] did bring a knife into [the other student's] room for the purpose of threatening her." *Id.*

Next, we hold that Jackson failed to preserve the second issue for appeal, whether prosecutorial and adjudicatory functions were commingled, because she failed to raise the matters before the governmental agency. Under Pa. R.A.P 1551(a), entitled Review of Quasijudicial Orders, "[n]o question shall be heard or considered by the court which was not raised before the government unit...."[4] Commingling arguments may be waived if not raised before the administrative agency below. *Dowler.* Here, as in *Dowler,* no evidence exists of record that Jackson ever presented the due process argument relating to impermissible commingling of prosecutorial and adjudicative functions during her hearing before either the Hearing Board or

---

2. Jackson's appeal was originally heard before a three judge panel of this court on September 10, 1996. The matter was later submitted on briefs and considered by this court sitting *en banc* on May 7, 1997.

3. This court's standard of review is limited to determining whether constitutional rights have been violated, and error of law has been committed or whether substantial evidence exists to support necessary findings of fact. *Beaver v. Ortenzi,* 105 Pa.Cmwlth. 361, 524 A.2d 1022 (1987).

4. Three exceptions are enumerated in this rule which are inapplicable to the present matter.

in her letter/appeal to Director Joseph. Indeed, in the latter, Jackson only argued that she did not have a knife and that the witnesses who testified against her lied.

■ We note, however, that even if Jackson had not waived these matters on appeal her arguments would fail. We note that even a mere appearance of impropriety must be viewed with a degree of skepticism. *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992). The *Lyness* Court held that "[w]hat our Constitution requires ... is that if more than one function is reposed in a single administrative entity, walls of division be constructed which eliminate the threat or appearance of bias." *Id.* at 546, 605 A.2d at 1209. However, the *Lyness* Court went on to hold that "the 'mere tangential involvement' of an adjudicator in the decision to initiate proceeding is not enough to raise the red flag of procedural due process." *Id.* (citation omitted).

Here, the prosecutorial and adjudicatory functions of the student judicial process were separated. The dorm residence director (Ricardo Hall) investigates the incident and makes a recommendation for a hearing. The initial adjudicative function is established in the Assistant Director—Judicial/Recruitment of Housing and Residence Life, Kate Linder. Ms. Linder recruits and chairs the Hearing Board which includes IUP faculty and staff members. An appeal is then taken to Director Joseph.

While we acknowledge that the authority over the final university appeal is retained by Director Joseph, nothing indicates she retains any control over the prosecutorial function. Jackson argues that the "desire to follow orders or please one's boss could have motivated any person to 'write up' a student" in the determination to suspend her from IUP. (Jackson's brief at p. 7.) However, as Jackson offers no evidence in support of this allegation, it rises to nothing more than mere speculation of the potential for commingling. *See Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 538 Pa. 276, 648 A.2d 304 (1994).

■ Of additional note is the fact that Jackson's counsel argued, during oral argument before a three judge panel of this court on September 10, 1996, that the testimony given at the administrative hearing was unsworn, and therefore unreliable. This is the first time that Jackson's counsel ever raised this issue. While acknowledging, arguendo, that Jackson *may* have initially presented this issue as a general statement of objection in her amended petition for review, as item number 7 under "Determination Sought to be Reviewed," Jackson failed to address it in her brief.[5] (Amended petition for review at 3.)

Item number 7 is captioned as argument "II," sub-issue "C" in Jackson's brief before this court. A review of Jackson's brief under this section, however, reveals only that Jackson argues that a violation of procedural due process occurred because she believes the administrative body commingled prosecutorial and adjudicative functions in violation of 22 Pa.Code § 505.3(5), which requires an impartial hearing body, but does not address the issue of unsworn testimony. Indeed, Jackson specifically argues that "[t]he failure to comply with § 505.3(5) resulted in the a [sic] substantial violation of Ms. Jackson's constitutional rights." (Jackson's brief at 11.)

Moreover, Jackson fails to address 22 Pa. Code § 505.6, which deals with the use of evidence during hearings, in her brief. Jackson *neither* cites to 22 Pa.Code § 505.6 in her brief nor presents any arguments applicable to that section of the Code in any portion thereof. Nowhere in her brief does Jackson address the issue of unsworn testimony.

Even assuming arguendo that Jackson preserved the issue in her petition for re-

5. Under item number 7, Jackson states:
   The determination of the University Residential Hall Judicial System is an invalid adjudication because it fails to comply with the SSHE requirements for procedural due process in student disciplinary hearings stated in **Title 24**[sic] **Part XV** [sic] **Chapter 505.6**[sic] of the Pennsylvania Code governing the State System of Higher Education, (hereinafter the Code)..[sic]
   (Emphasis in original). We note that Jackson seems to be attempting to reference Title 22, Part XVII, Chapter 505, Section 505.6 of the Pennsylvania Code, which is cited as 22 Pa.Code § 505.6.

view, this court has previously held that even when an issue is presented in a petitioner's petition for review, the issue is waived if it is not addressed in the petitioner's brief. *McDonough v. Unemployment Compensation Board of Review*, 670 A.2d 749 (Pa.Cmwlth. 1996). Thus, Jackson waived the issue of unsworn testimony. It is, therefore, not a basis upon which this court may reverse or remand the present matter.

Therefore, we hold that Respondents did not violate Jackson's procedural and due process rights, violate the Pennsylvania Constitution or commit an error of law by subjecting Jackson to disciplinary proceedings, as no prosecutorial and adjudicative functions were impermissibly commingled.

Accordingly, the decision of the Hearing Board is valid and the determination of IUP and the SSHE is affirmed.

### ORDER

NOW, June 20, 1997, the February 29, 1996, determination of the Indiana University of Pennsylvania and the State System of Higher Education is affirmed.

SMITH, J., dissents.

FRIEDMAN, J., concurs in the result only.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe that Jackson's due process rights were violated by the Judicial Board's reliance on evidence that was inherently unreliable. The board's regulations governing student disciplinary due process requirements specifically provide that, although the university is not bound by the formal rules of evidence, the evidence shall be inherently reliable. 22 Pa.Code § 505.6.[1]

At the hearing held before the Judicial Board on February 21, 1996, witnesses appeared and testified regarding the February 4, 1996 incident. These witnesses were not sworn before rendering their testimony. Accordingly, the testimony presented at the hearing was inherently *unreliable.*

This court has previously commented on the apparent failure by a tribunal to require, or the parties to suggest, that the witnesses' testimony should be given under oath. In *Somerton Civic Association v. Zoning Board of Adjustment,* 94 Pa.Cmwlth. 271, 503 A.2d 500, 503 (1986),[2] this court pointed out that:

> For 267 years a Pennsylvania statute has required that causes shall be enquired of by witnesses by taking a corporal oath or solemn affirmation. 1 Smith's Laws 111 (1718). The current version is at 42 Pa. C.S. § 5901. It applies in judicial proceedings in any tribunal within the Commonwealth. 42 Pa.C.S. § 5902. A tribunal includes a government unit when performing quasi-judicial functions. 42 Pa.C.S. § 102.

Accordingly, the unsworn testimony relied upon by the Judicial Board, and the Director of Housing and Residence Life in upholding the Judicial Board's decision, was inherently unreliable resulting in a violation of the due process guarantees mandated by the board's regulations. Therefore, I would vacate the February 29, 1996 determination by IUP's Director of Housing and Residence Life and remand this matter for another hearing wherein Jackson is afforded the due process requirements mandated by the applicable laws of this Commonwealth.

---

1. The majority concludes that Jackson has waived this issue. While acknowledging that Jackson preserved this issue in her amended petition for review, the majority declines to address it because Jackson did not specifically address 22 Pa.Code § 505.6 in her brief. I believe, however, that Jackson's arguments presented to this court with respect to the specific evidence relied upon and the violation of her due process rights sufficiently encompasses this issue.

2. This court later clarified its decision in *Somerton* by ordering that our dictum to the effect that it is improper for the Zoning Board of Adjustment of the City of Philadelphia not to require an oath of witnesses at its evidentiary hearings, shall have only prospective effect with respect to matters presently pending before the board. *See Somerton Civic Association v. Zoning Board of Adjustment,* 94 Pa.Cmwlth. 271, 507 A.2d 1301, 1302 (1986).