## Holum v. West

C.P. of Lehigh County, no. 2003-FC-1163.

*Melissa P. Rudas,* for plaintiff.
*Melissa T. Pavlack,* for defendant.

JOHNSON, *J.,* December 15, 2005—This matter is before the court on the plaintiff's petition for contempt and modification of custody order filed on November 15, 2005 by the plaintiff, Dean G. Holum (Father), with respect to custody of the parties' minor child. Father seeks primary custody of the parties' minor child, Alyssa K. Holum, born March 25, 2003 (the Child). Mother seeks to retain primary physical custody of the Child. The parties have been operating under the final custody order of May 10, 2005, entered after custody trial, in which primary physical custody was awarded to Mother and partial physical custody on alternating weekends was awarded to Father.

A custody trial was held on December 5, 2005. The following individuals testified: Mother; Father; Father's parents, Ronald and Elaine Holum; Barbara Collarafici, paternal grandmother of Karysa Schlichting; Salina Schlichting, stepmother of Karysa Schlichting; Steven Brunner of the Baltimore, Maryland Children and Youth Services; and Tracy Chado, Mother's sister. The court did not interview the Child due to the Child's age of 2 years.

Based on the evidence presented, the court finds that the best interests of the Child require that she be placed in the primary custody of Father.

## FINDINGS OF FACT

(1) The parties are the parents of Alyssa K. Holum, age 2 years (Child).

(2) The parties were never married and their relationship ended in June of 2003.

(3) Plaintiff, Dean G. Holum, (Father) is an adult individual and currently resides with his parents at 1842 Tim-

ber Lane, Hellertown, Northampton County, Pennsylvania 18055.

(4) Defendant, Christine K. West, (Mother) is an adult individual and currently resides in Maryland.

(5) On May 10, 2005, after a full custody trial, the Honorable J. Brian Johnson entered a court order regarding custody of the Child.

(6) Pursuant to the court order, the parties were to have joint legal custody of the Child, and Mother was to have primary physical custody of the Child. Further, Father was to have partial physical custody of the Child every other weekend from Friday at 6 p.m. until Sunday at 6 p.m.

(7) Mother allows several different people to care for the Child.

(8) Mother has another child, Karysa Schlichting, by another father. Karysa Schlichting is 9 years old.

(9) On June 17, 2005, the Child, Alyssa Holum, was left alone with her 9-year-old half-sister, Karysa, at Mother's apartment while Mother was at work. At approximately 12:30-1 p.m., Karysa Schlichting's stepmother, Salina Schlichting, and paternal grandmother, Barbara Collarafici, went to Mother's house and found the children alone. They also found trash all over the house, a sharp knife laying on the floor, empty beer bottles on the table, dirty dishes piled up around the sink and very little food in the house. The apartment was in disarray and was filthy and smelly. The Child and Karysa started to cry immediately when they saw Salina and Barbara. Barbara was there for 20 minutes and no adult showed up.

(10) Mother was evicted from her apartment on October 3, 2005, and now resides in another apartment at 4208 White Avenue, Overlea, Maryland, Apartment A.

(11) Mother still does not have a valid driver's license although she has been driving a vehicle with the Child as a passenger and has made a number of trips from Maryland to Pennsylvania while driving a car without a license with children, including the Child, as passengers.

(12) Over the past few months, Mother has transported the Child in a motor vehicle without using a car seat.

(13) Over the past few months, Mother allowed her new boyfriend, who she only knew for five months, to transport the Child alone to Pennsylvania.

(14) Father has continued to maintain stable and steady employment and housing.

(15) It is in the best interests of the Child to reside primarily with Father, as Father is the more stable and responsible parent at this time and can provide for the Child's needs.

(16) Mother is unable to adequately care for the Child. On at least two occasions, Mother failed to produce the Child to Father for Father's weekend visitation, including November 4 and 5, 2005. The parties shared custody of the Child on an alternating weekly basis up until this court's order of May 10, 2005 entered after custody trial. Since May 10, 2005, the child has resided primarily with Mother, but has had regular periods of partial physical custody with Father.

(17) Mother's quality of life in Maryland has deteriorated over the past nine months.

(18) Karysa has been removed from Mother's primary custody by the Maryland courts and, thus, Karysa no longer resides with Mother.

(19) Since Mother's quality of life has deteriorated over the past nine months, the Child's quality of life has deteriorated and she no longer is able to reside with her half-sister.

## CONCLUSIONS OF LAW

### 1. *Best Interests of the Child*

The best interests of the child are the paramount consideration in a custody proceeding. *Constant A. v. Paul C.A.,* 344 Pa. Super. 49, 496 A.2d 1 (1985).

The most important issues in a custody dispute are the child's physical, intellectual, moral and spiritual well-being. *Cardamone v. Elshoff,* 442 Pa. Super. 263, 274, 659 A.2d 575, 580 (1995).

### 2. *Stability*

Stability is an important factor in establishing custody of the child. The stability of an individual, economic, emotional, psychological or otherwise, has great impact on the life of a minor child. The value of stability is a factor which should be accorded great weight. *Snarski v. Krincek,* 372 Pa. Super. 58, 77, 538 A.2d 1348, 1358 (1988). The court has viewed maintaining continuity and stability in custody arrangements as important elements in a young child's emotional development. *Commonwealth ex rel. Jordan v. Jordan,* 302 Pa. Super. 421, 448 A.2d 1113 (1982).

### 3. *Ability to Care for the Minor Child*

In child custody proceedings there is no preference for keeping male children with the father and female children with the mother. *Hugo v. Hugo,* 288 Pa. Super. 1, 430 A.2d 1183 (1981); *Brooks v. Brooks,* 319 Pa. Super. 268, 466 A.2d 152 (1983). Further, the court must view the conditions as provided by the evidence and testimony at the time of the custody hearing when determining the proper custody of the minor child. *Brooks v. Brooks,* 319 Pa. Super. 268, 466 A.2d 152 (1983).

### 4. *Best Interests and Permanent Welfare of the Minor Child*

The court is required to consider what is in the minor child's best interests and permanent welfare in deciding custody cases. The court should view each parent's ability to provide for the child's physical, intellectual, moral and spiritual well-being. *In re Davis,* 502 Pa. 110, 465 A.2d 614 (1983); *In Interest of Tremayne Quame Idress R.,* 286 Pa. Super. 480, 429 A.2d 40 (1981).

### 5. *Child Custody*

The Pennsylvania Superior Court has consistently held that, in custody proceedings, the paramount concern is the welfare of the child, and all considerations, including the rights of the parents, are subordinate to the child's physical, intellectual, moral, spiritual and emotional well-being. *Plowman v. Plowman,* 409 Pa. Super. 143, 154, 597 A.2d 701, 707 (1991).

### 6. *Primary Caretaker*

The parent who has served as a primary caretaker for the minor child is a substantial factor which the trial judge must weigh in adjudicating a custody matter. *Commonwealth ex rel. Jordan v. Jordan,* 302 Pa. Super. 421, 448 A.2d 1113 (1982); *Brooks v. Brooks,* 319 Pa. Super. 268, 466 A.2d 152 (1983). "[T]his court has long recognized that the removal of a young child from his environment is a factor which bears upon its emotional well being . . . . Therefore, continued residence of children with one parent may be controlling." *Hugo v. Hugo,* 288 Pa. Super. 1, 6, 430 A.2d 1183 (1981).

### 7. *Continuity of Current Custodial Arrangement*

The potential harm that may result from the disruption of an established pattern of care and emotional bonds confirms the need for continuity, stability and finality in the establishment of a custody order. Modification of an existing custody arrangement is not warranted merely because one parent is unhappy with the existing arrangement. The parent who is requesting to modify the current custody arrangement has the burden to establish that alteration of the existing custody arrangement is in the child's best interest. *Jackson v. Beck,* 858 A.2d 1250 (Pa. Super. 2004).

### FURTHER FINDINGS AND DISCUSSION

The "ultimate guidepost" in a child custody case is the child's best interests. *Meyer-Liedtke v. Liedtke,* 762 A.2d 1111, 1114 (Pa. Super. 2000). Our focus in this case, therefore, must be on what is best for the Child rather

than on doing justice between the parties. *English v. English,* 322 Pa. Super. 234, 469 A.2d 270, 273 (1983).

The determination of a child's best interests must be done on a case-by-case basis, based upon a "consideration of all factors that legitimately affect the child's physical, intellectual, moral and spiritual well-being." *McAlister v. McAlister,* 747 A.2d 390, 391 (Pa. Super. 2000).

One of the key facts in this court's decision on May 10, 2005, to award primary custody of the Child to Mother was the fact that Mother had primary custody of the Child's half-sister, Karysa, and this court invoked the "Separation of Siblings Doctrine" and kept the children together. Mother now does not have primary custody of Karysa, so that doctrine does not apply now.

Mother's quality of life has deteriorated over the past nine months. What appeared to this court at the time of trial in March 2005 did not, in fact, take place.

Mother now shows a pattern of unreliability and instability, whereas Father shows stability.

Mother has shown poor judgment by driving a motor vehicle without a driver's license, by allowing her temporary boyfriend to drive the Child to Pennsylvania from Maryland, and by not insuring the Child's safety in making certain that she is in the care of a responsible adult at all times when Mother is unavailable.

The evidence demonstrates that Father is better able to provide a stable home for the minor child. Father has a steady and lucrative job with Verizon that he has had for a number of years. He resides with his parents. Father has a valid driver's license and a motor vehicle.

At the March 2005 trial, Mother indicated that she would be obtaining a valid driver's license in the near

future. Nine months later, Mother's driving privileges are still suspended.

At the time of the March 2005 trial, Mother had primary physical custody of her older daughter, Karysa. However, on June 17, 2005—less than two months after that trial, Mother left the Child and Karysa alone together in a filthy apartment while she went to work without making arrangements for them to be cared for by a responsible adult.

The two children were discovered in the apartment alone with each other by Karysa's stepmother and paternal grandmother. Mother left these two children in a dangerous situation.

It is curious that Irene Counts, the next door neighbor who Mother said was to be caring for the Child and Karysa on June 17, 2005, was not offered as a witness in this trial. Other out-of-town witnesses testified via telephone. She could have done so as well.

At this point in her life, Mother does not have the means necessary to care for the Child and, if the Child is left in Mother's custody, the Child's health and well-being are at great risk.

On the other hand, Father appears to have the means necessary to care for the Child. He is the more stable parent at this point and has the help of his parents, particularly his mother, who expresses a great love for the Child, in the same household.

## CONCLUSION

Based upon all of the factors and reasons set forth above, the court concludes that it is in the Child's best

interests to grant the relief requested in the Father's petition for contempt and modification of custody order and vest primary physical custody in the Father, with partial physical custody to the Mother, as set forth in the accompanying order.