J-A25021-14

2014 PA Super 262

| TANYA HELENA TECCE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MICHAEL HALLY, | : | |
| | : | |
| Appellee | : | No. 495 EDA 2014 |

Appeal from the Order entered January 14, 2014,
Court of Common Pleas, Delaware County,
Civil Division at No. 2008-008805

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

CONCURRING OPINION BY DONOHUE, J.:          Filed:  November 21, 2014

I agree with the learned Majority's determination that Wife waived the issue she presents on appeal.  I write separately because I do not share the Majority's distaste for that result.  The law is eminently clear that we are required to find waiver both because Wife failed to preserve the issue in the trial court and because she has filed a grossly deficient appellate brief.

The Supreme Court of Pennsylvania has discussed the vital importance of issue preservation as follows:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that '[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. **_Lincoln Philadelphia Realty Assoc. v. Bd. or Revision of Taxes of_**

---

*Retired Senior Judge assigned to the Superior Court.

> ***Philadelphia***, [] 758 A.2d 1178, 1186 ([Pa.] 2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. ***Wing v. Com. Unemployment Comp. Bd. of Review***, [] 436 A.2d 179, 181 ([Pa.] 1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. ***See generally Dilliplaine v. Lehigh Valley Trust Co.***, [] 322 A.2d 114, 116–17 ([Pa.] 1974). Finally, concepts of fairness and expense to the parties are implicated as well.

***In re F.C. III***, 2 A.3d 1201, 1211-12 (Pa. 2010).

It is axiomatic that "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." ***Thompson v. Thompson***, 963 A.2d 474, 475-76 (Pa. Super. 2008); ***see also Mazlo v. Kaufman***, 793 A.2d 968, 969 (Pa. Super. 2002). "On appeal the Superior Court ***will not*** consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." ***Thompson***, 963 A.2d at 476 (emphasis added). As noted in the passage above, Rule of Appellate Procedure 302, "Requisites for Reviewable Issue," provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, the Rules of Appellate Procedure provide that an appellant must indicate in both the statement of the case and argument portions of his or her brief where

the issue was raised or preserved in the court below.  Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e).  The law and our Rules could not be more clear: Mother failed to preserve her issues in the trial court, and so this Court is precluded from considering them.

Secondly, Wife's appellate brief contains precisely zero citation to relevant authority.  Rule of Appellate Procedure 2119(a) provides as follows:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (emphasis added).  The failure to provide discussion of and citation to relevant authority is a substantial impediment to our review; for that reason, it results in waiver of the issue.  **Giant Food Stores, L.L.C. v. THF Silver Spring Dev., L.P.**, 959 A.2d 438, 444 (Pa. Super. 2008) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. … Failure to do so constitutes waiver of the claim."); **see also Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014) (finding appellant's issue waived due to lack of "any meaningful discussion of relevant legal authority").

Wife cites only one "authority": an unpublished memorandum decision from this Court.[1] The Majority correctly points out that our Rules prohibit its citation and the memorandum has no precedential value. **See** Maj. Op. at 4 n.2. Thus, Wife's complete and utter failure to provide citation to relevant authority is another basis for this Court to find that Wife has waived the issues presented for review.

Before eventually properly applying the principles of issue preservation and waiver, the Majority dissects the lax procedure employed by the trial court; specifically, its failure to swear witnesses and allow the parties the opportunity for cross-examination. I do not dispute that witnesses are to be sworn before testifying. Section 5901 of the Judicial Code provides that "[e]very witness, before giving any testimony shall take an oath in the usual or common form[.]" 42 Pa.C.S.A. § 5901(a).[2] However, I do not agree with the Majority's broad conclusion that the failure to administer an oath necessarily renders testimony a "nullity." Maj. Op. at 5.

In this regard, the Majority quotes **Commonwealth ex. rel. Freeman v. Superintendent of State Corr. Inst. at Camp Hill**, 242 A.2d 903 (Pa. Super. 1968), for the proposition that the taking of testimony is meaningless

---

[1] Wife's counsel on appeal was not her trial counsel. Wife's counsel on appeal was counsel to one of the parties on appeal in the unpublished memorandum decision upon which she relies in the case before us.

[2] Pennsylvania Rule of Evidence 603 mirrors this requirement, providing that "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Pa.R.E. 603.

without the administration of an oath. Maj. Op. at 4-5. *Freeman*, however, dealt specifically with the effects of the United States Supreme Court decision of *In re Gault*, 387 U.S. 1 (1967), a landmark case that "set forth several procedural requirements which must be met in juvenile proceedings" and altered the informal manner in which juvenile delinquency proceedings had been routinely held in Pennsylvania. In that case, this Court held that in the wake of *Gault*, "a determination of delinquency … cannot be sustained in the absence of [s]worn testimony subjected to the opportunity to cross-examination" where such requisites were not previously required. *Freeman*, 242 A.2d at 908. It is clear that the quasi-criminal nature of the delinquency proceedings spurred these changes to those informal proceedings, and that the discussion regarding the impact of routinely accepting unsworn testimony was made specifically in connection with these considerations. *See id.* at 907-08.

There is scant case law discussing the failure to swear a witness.[3] However, this Court has considered waiver in connection with the failure to object when no oath is administered prior to testimony taken by deposition.

---

[3] In addition to the *Freeman* case cited by the Majority, in *Dunsmore v. Dunsmore*, 455 A.2d 723 (Pa. Super. 1983), this Court remanded a case "with instructions to start over again" because of various procedural errors, including the trial court's decision to allow the father in that case to testify without being sworn because he was a practicing attorney. Unlike in the present case, however, there is absolutely no indication that the appellant-mother in *Dunsmore* failed to lodge a proper objection at the time of the hearing, and so *Dunsmore* provides no guidance on the issue of whether a party may waive the failure to swear a witness as an issue for appeal.

As with judicial proceedings, the witness in a deposition must be sworn prior to giving testimony. *Id.*; Pa.R.C.P. 4017(a). This Court has held that the lack of objection to a witness's failure to be sworn at the time of a deposition results in the waiver of this error.[4] ***Wenham Transp., Inc. v. Radio Const. Co.***, 154 A.2d 301, 303 (Pa. Super. 1959). Indeed, the Rules of Civil Procedure governing discovery now mandate this result: objections regarding the administration of the judicial oath are waived if not raised at the time of the deposition. Pa.R.C.P. 4016(c). There is, to me, no reasoned differentiation in this context between deposition testimony and testimony offered at a hearing. If the objection to the error is raised at the deposition, it can be corrected; if it is raised at the hearing, the error can be corrected. In either context, the failure to object prevents the opportunity to correct the error.

I disagree, too, with the Majority's broad statement that a judicial proceeding must involve the presentation of evidence. Maj. Op. at 6 ("When we speak of a judicial proceeding, we speak of a hearing, not a conversation."). There are myriad judicial proceedings that do not require the taking of testimony or reception of evidence; for instance, proceedings to resolve preliminary objections, motions for judgment on the pleadings, and motions for summary judgment. *See* Pa.R.C.P. 1028, 1034, 1035.2.

---

[4] The unsworn deposition testimony was offered for use at trial. The purpose for which the deposition testimony was offered is not clear from the ***Wenham*** opinion.

- 6 -

Moreover, even in a proceeding where evidence is received, by testimony or otherwise, a party may always waive his or her right to present evidence or cross-examine witnesses; indeed, a party may choose to do so for tactical reasons. As these facets of a judicial proceeding may be waived, they cannot be, as the Majority contends, indispensable for a valid judicial proceeding.

It is of little wonder that no objection was made to the trial court's failure to administer the oath. The transcript of the hearing leads to the inevitable conclusion that the parties were satisfied with the manner in which the trial court proceeded. The Majority correctly describes what occurred in the proceeding in question as argument by the parties' counsel interspersed with statements by the parties themselves. After addressing the issues raised by Wife in her petition, the trial court said, "All right, I believe I understand the parties' positions on all three issues, so I thank you and I will take this under advisement … ." N.T., 1/9/14, at 46. At no time did either party's counsel inquire of the trial court when testimony would be taken or seek to cross-examine the adverse party as to any statement he or she made during the course of the proceeding. Of importance, Wife's counsel voiced no concern that the proceeding was adjourned without the formal introduction or reception of evidence. The obvious conclusion is that the parties had no problem with the manner in which the proceedings occurred or that the presiding judge would decide the case on the

information presented. It is only now, after receiving an unfavorable decision, that Wife takes issue with the manner in which the proceedings were conducted and seeks an impermissible second bite at the apple.[5]

Simply, this Court is prohibited from addressing an issue not raised and preserved in the trial court. There should be no hesitance by our Court to recognize that prohibition and abide by it. I wholeheartedly agree with the Majority that family law attorneys and the courts before whom they appear should abide by formal rules and procedure. *See* Maj. Op. at 6 n.3. And so must we. As an intermediate appellate court, we are required by rule or Supreme Court edict to find waiver in a myriad of circumstances. I am struck by the injustice I perceive as a result of the mandatory application of mandatory waiver principles in many circumstances. However, I do not share the Majority's distaste for finding waiver in this case. Both parties were represented by counsel. No objections were lodged in the trial court. While it is troubling that trained lawyers and an experienced trial judge would allow the hearing to proceed as it did, waiver is the only possible outcome in this case.

For these reasons, I concur in the outcome reached by the Majority.

---

[5] In a footnote, the Majority chides the lax practice of family law attorneys and courts and encourages them to adopt formality in their practice by abiding by the Rules of Civil Procedure. Maj. Op. at 6 n.3. I agree that to the extent some counsel and trial courts are lax, the legal profession, litigants, and the judicial system require adherence to the rules of procedure and evidence to preserve confidence in the outcome of cases. Trial courts should be diligent and trial counsel should insist, by objection to laxity, that the appropriate procedures are followed.