## Bouy *v.* Fidelity-Philadelphia Trust Company, Appellant, et al.

Argued January 16, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Michael A. Foley,* with him *Roscoe R. Koch,* for appellant.

*Alexander S. Lipschutz,* for appellee.

OPINION BY MR. JUSTICE DREW, March 27, 1940:

This action was brought by Luther Bouy, claiming damages for the death of his wife, who was killed on December 19, 1936, by reason of the collapse of a building at 519 South Fifteenth Street, Philadelphia. Mrs. Bouy was at the time visiting a relative, who rented a second story room in the house from Abraham Samson, the tenant of the premises. Plaintiff seeks to hold defendant, Fidelity-Philadelphia Trust Company, liable as lessor and owner of the building. After hearing the evidence offered, the trial judge gave binding instructions for defendant. The learned court en banc awarded a new trial upon the theory that since defendant rented the house to Samson in a ruinous condition, it was responsible for damages to the guests of sub-tenants therein for renting a building in a condition amounting to a nuisance. From the order granting a new trial defendant took this appeal.

Samson rented the building from defendant on August 26, 1936, at twenty dollars a month for use as a rooming house. It was a small building, twenty feet front and three stories high. The testimony shows that when rented the house was in an obviously ruinous condition and actually known by the tenant to be such. He made some superficial repairs, like papering and paint-

ing, placed boards against a wall that bulged, and then sublet the rooms.

In the lease, Samson expressly agreed to take the premises "as is," make improvements to the interior and keep them in good order and repair. He acquired the entire possession and control of the premises, defendant merely reserving the right to enter to inspect and repair, if it so chose.

It cannot be denied that Mrs. Bouy was on the premises as the guest of a sub-tenant, in fact so much is admitted; it therefore follows, under the facts of this case and our decisions, that she or her representative is barred from any recovery against the landlord. The case is ruled by the principles set forth in *Harris v. Lewistown Trust Company*, 326 Pa. 145; and *Hayden v. Second National Bank of Allentown*, 331 Pa. 29. In the latter case, we said (p. 31) : "The general rule is that the landlord who is entirely out of possession and control is not liable for bodily harm caused to the tenant and those upon the leased premises in the latter's right by reason of any dangerous condition existing when the tenant took possession. In other words, such a landlord owes no duty to persons coming upon the premises for conditions present at the time of the tenant's entrance. To this rigid rule of nonliability there are but two exceptions: (1) when the landlord conceals or fails to disclose dangerous conditions of which he has knowledge and of which the tenant is unaware and cannot be expected to discover, and (2) where the landlord, who knows or should know of dangerous conditions, leases premises for a purpose involving the admission of many persons and has reason to believe that the tenant will not first correct the conditions." We went on to state that a public garage does not fall within the purview of the second exception, which contemplates the lease of premises suitable for accommodating large numbers of the public. The exception is equally inapplicable to the renting of a house for the

occupancy of a few families. The testimony shows that the tenant was fully aware of the dangerous condition of the building, and since defendant did not do anything to conceal the obvious defects from the roomers, its liability cannot be predicated upon the first exception.

It is contended, however, that the letting of the building in such a dilapidated state amounts to a nuisance and that plaintiff's wife should be regarded as a third person or stranger to the premises. The attempt is made to liken her to one who is injured while lawfully using the sidewalk as a member of the public and who is permitted recovery against the landlord out of possession: *Kirchner v. Smith*, 207 Pa. 431; *McLaughlin v. Kelly*, 230 Pa. 251. We are asked to ignore the plain fact that Mrs. Bouy was a guest and was rightfully in the house at the time of the accident, not as a member of the public, but by virtue of the invitation of the sub-tenant, her relative. This we cannot do. To thus shut our eyes to her actual status as a guest, and accord her the rights possessed by those injured in their capacity as members of the general public would involve a palpable departure from the principle enunciated in *Harris v. Lewistown Trust Company*, supra, 152: "A breach of duty owed to one class of persons cannot create a cause of action in favor of a person not within the class. A plaintiff must show that as to him there was a breach of duty." Plaintiff has not brought this case within the qualification of a "nuisance", which the Harris case sets forth (at p. 153): "The word 'nuisance', as used in the law, implies the transmission of the effects beyond the boundaries of the land upon which the objectionable condition exists."

The facts of this case bring it squarely within the rule that: ". . . since members of the family, employees, guests and other invitees of the tenant are brought on the premises through the tenant's initiative, they must look to him and not to the owner, who is out of possession, for their protection." *Harris v. Lewistown Trust*

*Company,* supra, 150, 151. Here the rights of both the sub-tenant and her guest are derivative from the tenant; and since he would have been unable to recover if he had been injured, they are likewise barred.

From what we have said it is obvious that plaintiff failed to prove a valid cause of action against the landlord; for which reason the giving of binding instructions for defendant was imperative.

The order of the court below is reversed, the verdict for defendant is reinstated, and judgment is here entered upon the verdict.

Mr. Justice MAXEY dissents.