PENNSYLVANIA SCHOOL BOARDS ASSOCIATION, INC., Petitioner,

v.

PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, and the Public School Employees' Retirement Board, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1999.

Decided May 17, 2000.

Michael I. Levin, Huntingdon Valley, for petitioner.

Charles K. Serine, Harrisburg, for respondents.

Before DOYLE, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

DOYLE, President Judge.

Before this Court, in our original jurisdiction,[1] are the preliminary objections of the Public School Employees' Retirement Board (Board) in the nature of a motion to strike paragraphs 17 and 18 of the Petition for Review of the Pennsylvania School Boards Association (PSBA), for lack of standing, and to "eliminate the Public School Employees' Retirement System as a party and from the caption of the case." We sustain the first objection and overrule the second.

PSBA is a non-profit corporation of the Commonwealth of Pennsylvania comprising a voluntary association of local school districts and the members of the local school boards of those districts. Its func-

tion, *inter alia,* is to render assistance to local school districts. PSBA member school districts are required to make employer contributions to the state pension retirement system administered by the Public School Employees Retirement System (PSERS).

PSERS was established by state statute to serve as the pension retirement system for public school employees. The Pennsylvania Public School Employees' Retirement Board is the governing body of PSERS. On January 12, 1999, the Board adopted a new policy statement providing that "[a]n active member may purchase credit for part-time school service where the service was less than 500 hours or 80 days (non-qualifying)." (01/12/99 Public School Employes' Retirement System Policy Statement at 1.) This represented a significant change in Board policy. Under the Board's prior policy, credit could not be purchased by members for part-time school service where that employment was for less than 500 hours or 80 days per year. The new policy, which became effective February 1, 1999, allows a currently active member (i.e., one who has earned more than 80 days or 500 hours of service in a given year) to purchase credit for prior part-time service of less than 80 days or 500 hours. PSBA filed a Petition for Review and Application for Preliminary Injunction in March of 1999. The preliminary injunction hearing was canceled pursuant to a stipulation entered into by the parties in April of 1999.[2]

PSBA alleges that, in adopting this change and the new Policy Statement, the Board has abrogated a longstanding policy, upon which PSBA has come to rely.

---

1. This Court has jurisdiction over this matter pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

2. The Stipulation provided that PSERS would process the purchase requests for those members who need this time to qualify for the "30 and out" early retirement incentive or for disability. The parties agreed that these applications would not be affected by any later

court decision dealing with the merits of the case. PSERS agreed to accept, but not process, other applications to purchase the contested credit, subject to the resolution of the *instant litigation,* and the Pennsylvania State Education Association and the Philadelphia Federation of Teachers were permitted to intervene.

Paragraph 17 of the petition for review avers a fiduciary duty by the Board to members of the system[3] and Paragraph 18 avers that the Board has breached a fiduciary duty owed to the school districts.[4] In April 1999, the Board filed the preliminary objections here under review, challenging PSBA's standing to raise a breach of fiduciary duty, and it is this issue that is now before this Court.

The Board argues in its motion to strike that Section 8521(e) of the Public School Employees' Retirement Code, 24 Pa.C.S.

§§ 8101–8535 (Retirement Code), provides that members of the Board, PSERS, and its employees and agents "stand in a fiduciary relationship to the members of the system regarding the investments and disbursements of any moneys of the fund...." 24 Pa.C.S. § 8521(e). The Board asserts that PSBA is not a "member of the system,"[5] as contemplated by the statute, and is, therefore, not owed a fiduciary duty by the Board. We agree.

■ The law is well settled that an association, as a representative of its members,

3. Paragraph 17 reads as follows:

   17. The members of the Retirement Board stand in a fiduciary relationship to the members of the system regarding the investments and disbursements of the moneys of the fund.

4. Paragraph 18 reads as follows:

   18. It is believed and therefore averred that the members of the Retirement Board who voted to adopt the new Policy Statement did so in breach of their fiduciary duties in view of the following:

   a. The legal analysis as set forth in the Respondent's Policy Statement as attached hereto as Exhibit "A" is faulty and erroneous in a number of respects, including, inter alia, the following: (a) it ignores and fails to consider the titles and captions to section 8303 and to subsection "c" of section 8303 of the Retirement Code stating that the sections apply to the "reinstatement of service credits" and to the "purchase of previous creditable service;" (b) it ignores and fails to consider the holding in *Tredyffrin/Easttown* that creditable school service not previously credited be available for purchase to part-time employees; (c) it ignores and fails to consider the clause a[sic] the end of section 8303 that mandates that any purchase for reinstatement of service credit shall be for all service previously credited; (d) it ignores and fails to consider to [sic] absolute prohibition contained in section 8301 of the Retirement Code that per diem and hourly employees who work less than 80 full-time sessions or 500 hours are prohibited from membership in PSERS; (e) it ignores and fails to consider section 8503 of the Retirement Code which requires that whenever credit for previous service is to be purchased, the Retirement

   Board, when necessary, must certify to the proper employer the amount which "would have been paid ... into the State accumulation account had such employee been an active member in the system during said period;" and (f) it ignores and fails to consider the fact that the General Assembly amended the Retirement Code a number of times after the court's decision in *Tredyffrin/Easttown* and after the Respondents' policies and practices with respect to the purchase of credit for prior part-time service were well entrenched and well known, but the General Assembly did nothing to change the law with respect to this subject.

   b. The Respondents undertook no study or analysis to determine the number of individuals who are potentially effected [sic] by their new policy statement or the amount of money it will cost PSERS to allow purchase of previously non-creditable and prohibited part-time service.

   c. The actuaries have done nothing to determine the impact of the policy change on the costs to PSERS.

   d. Public school entities have previously relied with justification upon the practices and policies and statements of the Respondents and, in reliance thereon, have done nothing to provide funding for the new liability they will face if the Respondents take action on their new policy statement.

   e. The Respondents have not notified public school entities in advance of their action to seek their input or to enable them to make arrangements to fulfill their responsibilities.

5. "Member" is defined in section 8102 of the Retirement Code as an "[a]ctive member, inactive member, annuitant or vestee[,]" each of which is also defined in that section.

may have standing to bring a cause of action even in the absence of an injury to itself. *Pennsylvania School Boards Ass'n., Inc. v. Commonwealth Ass'n. of School Administrators, Teamsters Local 502,* 696 A.2d 859 (Pa.Cmwlth.1997). PSBA maintains that its members have been harmed by the recent policy statement by the Board, which will have the effect of greatly increasing the financial obligations of its member school districts to fund the pension system. PSBA alleges that, if only the beneficiaries of the Retirement Fund have standing to contend that an action of the Board violates its fiduciary obligations, actions that benefit beneficiaries but which are contrary to fiduciary standards would go unchallenged. PSBA relies on our decision in *Rizzo v. City of Philadelphia,* 136 Pa.Cmwlth. 13, 582 A.2d 1128 (1990) (quoting *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979) and *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988)), where we stated in relevant part:

> The Pennsylvania Supreme Court has determined ... that special cases will grant a taxpayer standing even when his or her interest may not be substantial, direct, and immediate. Such cases arise when governmental action will go unchallenged unless the taxpayer has the ability to intervene by judicial process.... In particular, these cases will most often occur where "those directly and immediately affected by the complained of conduct were beneficially affected as opposed to adversely affected," thus making it improbable that a party will challenge the governmental action before the agency or on appeal.

*Rizzo,* 582 A.2d at 1130 (citations omitted).

██ However, PSBA's reliance on *Rizzo* is misplaced. PSBA does not allege, nor can it do so, that it is a taxpayer within the context of *Rizzo, Sprague,* and *Biester.* Instead, the statute itself unambiguously addresses the fiduciary status of the Board by providing:

> The members of the board, employees of the board, and agents thereof shall stand in a fiduciary relationship to the **members of the system** regarding the investments and disbursements of any of the moneys of the fund.... The board may, when possible and consistent with its fiduciary duties imposed by this subsection or other law, including its obligation to invest and manage the fund for the exclusive benefit of the members of the system, consider whether an investment in any project or business enhances and promotes the general welfare of this Commonwealth and its citizens, including, but not limited to, investments that increase and enhance the employment of Commonwealth residents, encourage the construction and retention of adequate housing and stimulate further investment and economic activity in this Commonwealth.

24 Pa.C.S. § 8521(e) (emphasis added). PSBA does not allege that the Board has breached its fiduciary duty owed to members of the system, and PSBA has failed to provide specific authority for its assertion that PSBA, itself, is owed a fiduciary duty by PSERS or the Board. The Board asserts the maxim *expressio unius est exclusio alterius* (to express one thing is to exclude the other) to make evident that by specifying a fiduciary duty to members of the system, the legislature meant to exclude all others, such as PSBA. It has long been a tenet in this Commonwealth that a breach of duty owed to one class of persons cannot create a cause of action in favor of one external to the class. *Bouy v. Fidelity–Philadelphia Trust Co.,* 338 Pa. 5, 8, 12 A.2d 7, 8 (1940). PSBA and its member school districts are not members of the retirement system and therefore not within the class of persons owed a fiduciary duty by the Board. "A plaintiff must show that as to him there was a breach of duty." *Id.* Accordingly, the objection to standing to raise a breach of fiduciary duty, and hence to strike Paragraphs 17

and 18, is sustained.[6]

 We note also, that contained in the Board's Preliminary Objections to the Petition for Review, the Board moves to eliminate PSERS as a party. The Board argues that it is an independent administrative board of this Commonwealth with the sole responsibility for the management, investment and disbursement of the fund, and that all of the business of the system is transacted in the name of PSERS. It contends that PSERS is not a separate entity from the Board and should, therefore, be eliminated as a party and from the caption of this case. However, because the Board failed to raise or develop this issue in its brief, or argue the issue before this Court, it is waived. *Jackson v. Indiana University of Pennsylvania*, 695 A.2d 980 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 692, 722 A.2d 1058 (1998). Thus, the motion to strike PSERS as a party is denied.

Based on the foregoing, the objection to remove the breach of a fiduciary duty as a cause of action is sustained, and paragraphs 17 and 18 are struck. The objection to strike PSERS as a party is overruled.

## *O R D E R*

AND NOW, May 17, 2000, the objection in the nature of a motion to strike paragraphs 17 and 18 of the Petition for Review of the Pennsylvania School Boards Association, Inc. in the above-captioned matter, is hereby sustained. The objection in the nature of a motion to strike the Public School Employees' Retirement System as a party is hereby overruled.

The Public School Employees' Retirement System and the Public School Employees' Retirement Board are directed to file an answer to the petition for review

6. While Paragraph 17 technically does not allege a fiduciary duty to *PSBA*, but only to the members of the system, we have granted

within thirty days of the entry of this order.

the motion to strike this paragraph as PSBA has no standing to raise it.