James C. WALKER, Cory S. Mantini, Bunny Ann Sayers, Edward J. Olson, Susan M. Carl, Debbie J. Wisor, Kenneth W. Mencer, Annette M. Forcey, Jeffrey Englemann, Alicelyn Francisko, Karen S. Eckstein, Appellants,

v.

LAWRENCE TOWNSHIP, Clearfield County and Bill Lawhead and Lawrence Township Supervisors.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 2001.

Decided Jan. 25, 2002.

Reargument En Banc Denied March 14, 2002.

---

Anthony G. DeBoef, State College, for appellants.

James A. Naddeo, Clearfield, for appellees.

Before COLINS, Judge,
LEADBETTER, Judge and
McCLOSKEY, Senior Judge.

COLINS, Judge.

Herein, we have been asked to address whether the Court of Common Pleas of Clearfield County (common pleas court) properly sustained the preliminary objections filed on behalf of Lawrence Township,[1] and properly dismissed the complaint filed on behalf of James Walker.[2] The underlying action is one seeking mandamus, necessitating that appellants establish that they have a clear legal right to relief. Common pleas court determined that appellants presented no cognizable claim, and we have found no error in that decision, thus, the decision of common pleas court shall be affirmed.

The facts are quite simple. Appellants were caught in a speed trap. All but Walker[3] pled guilty to the summary of-

---

**1.** In addition to Lawrence Township, the Lawrence Township Board of Supervisors, Clearfield County, and Bill Lawhead are the named appellants to which we collectively refer as Township.

**2.** In addition to James Walker, Cory S. Mantini, Bunny Ann Sayers, Edward J. Olson, Susan M. Carl, Debbie J. Wisor, Kenneth W. Mencer, Annette M. Forcey, Jeffrey Englemann, Alicelyn Francisko, and Karen S. Eck-

stein are named as appellants in this action. Hereinafter this group shall be referred to as "appellants."

**3.** As noted by the common pleas court, and not argued before this Court, Walker has no standing in the proceeding before Commonwealth Court since he was acquitted of the speeding charge at the hearing before the district justice.

fense [4] generally referred to as speeding, which is a violation of Section 3362 of the Motor Vehicle Code, 75 Pa.C.S. 3362, relating to failure to obey the maximum speed limits. With James Walker being the exception, each person paid the requisite fine which action equates to the entry of a guilty plea.[5] A finding of guilt was entered upon the docket, whereupon the Department of Transportation assessed points against each individual's drivers' license. Subsequently, the Lawrence Township Police Department admitted that the speed trap had been improperly established. Appellants brought an action against the Township in the common pleas court seeking to recover the fines and costs they paid as a result of their guilty pleas, and to have their driving records cleared of the points assessed by the Department of Transportation.

The Township filed preliminary objections in the nature of a demurrer alleging that as pled the action is barred for failure to state a cause of action. The trial court sustained the preliminary objections concluding that appellants have no right to relief under the law. In sustaining the preliminary objections, the common pleas court noted that each appellant entered a guilty plea. The common pleas court noted that Pa R.Crim. P. 460 [6] sets forth the exclusive means for taking an appeal from a summary conviction and that appellants failed to comply with the procedure set forth therein. Common pleas court concluded that once the appellants failed to exercise the appeal process set forth in Pa. R.Crim. P. 460, any right that might have existed to challenge the citation was waived. The common pleas court sus-

tained the demurrer, and dismissed the complaint. Appellants then filed this appeal.

■ Appellants assert that in the absence of an available and adequate legal remedy that will grant them relief, equity compels the entry of a writ of mandamus. There is no authority to support the position advanced.

■ Initially, we note that when reviewing a common pleas court's decision sustaining preliminary objections, we look to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993). We must accept as true all well-pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.* Additionally, where mandamus is requested, a court may issue a writ of mandamus to compel the performance of a ministerial act or a mandatory duty only where there is a clear legal right in the petitioner and a corresponding duty in the respondent, and want of any other adequate remedy. *Shaler Area School District v. Salakas*, 494 Pa. 630, 636, 432 A.2d 165, 168 (1981). Mandamus may not be used to direct retraction or reversal of an action already taken in good faith and in the exercise of legitimate jurisdiction. *Matesic v. Maleski*, 155 Pa.Cmwlth. 154, 624 A.2d 776, 778 (1993).

Herein, the availability of legal relief was predicated upon a successful challenge

---

**4.** Generally, all violations of the Motor Vehicle Code are summary offenses. 75 Pa.C.S. § 6502(a).

**5.** A payment by any person charged with a violation of the Motor Vehicle Code of the fine

prescribed for the violation is a plea of guilty. 75 Pa.C.S. § 6501(a).

**6.** Formerly Pa. R.Crim. P. 86.

to the guilty plea each entered before the district justice. Pa. R.Crim. P. 460(a) provides the means to challenge the guilty plea entered by appellants. Appellants did not file a notice of appeal as required by the rules, but rather sought to challenge the guilty plea through the use of a writ of mandamus. That avenue is not available to appellants, since mandamus is not a means to challenge a guilty plea or attack summary conviction.

Accordingly, the order of the court of common pleas is affirmed.

### ORDER

**AND NOW,** this 25th day of January 2002, the order of the Court of Common Pleas of Clearfield County is **AFFIRMED.**