**Susan FELDMAN, Appellant,**

v.

**LAFAYETTE GREEN CONDOMINI-UM ASSOCIATION and Executive Board of Lafayette Green Condominium and CSK Management, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 2002.

Decided Aug. 30, 2002.

Arthur S. Klein, King of Prussia, for appellant.

Edward J. Stolarski, Philadelphia, for appellee.

BEFORE FRIEDMAN, J., SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

We are asked to decide whether the Court of Common Pleas of Montgomery County (trial court) properly sustained the preliminary objections of Lafayette Green Condominium Association, the Executive Board of Lafayette Green Condominium and CSK Management, Inc. (collectively Lafayette) and dismissed the complaint filed by Susan Feldman (Resident). We affirm.

Resident claims Lafayette caused her emotional distress, defamed her and refused to reimburse her for property damage. Resident, a rental unit owner at Lafayette Green Condominium, alleged in her complaint she had a heated argument with Rosemary Greco, another unit owner. Greco lodged a formal complaint with Lafayette after the argument. In response, Lafayette sent Resident a letter characterizing her behavior as "harassment" as a result of the argument. That letter stated:

Dear Ms. Feldman:

A formal complaint was forwarded to the executive board of the Lafayette Condominium association, on May 23, 2000, in which *you approached another unit owner in a confrontational manner. This incident occurred on May 18, 2000 at approximately 7:30PM.*

Please be advised that the Rules and Regulations of Lafayette Green, Article III, Section 3.7 clearly states "... no one shall unreasonably interfere with the right, comfort, or convenience of the residents of any other units.

*The Board considers this behavior to be harassment* and it will not and should not be tolerated. The Board requests, that in the future, you refrain from approaching any owner of Lafayette Greene in such a manner.

Reproduced Record (R.R.) 13a. (Emphasis added).

Resident appealed the contents of this letter to the executive board. Lafayette, however, did not issue a retraction. Resident, contending that Greco was the hostile, harassing party, claimed the charges were false.

Lafayette filed preliminary objections in the nature of a demurrer to the claims for emotional distress and defamation. Also, it objected to Resident's claim for property damage on the grounds of pendency of a prior action.

The trial court sustained Lafayette's preliminary objections and dismissed the complaint. The court concluded the facts alleged failed to state a claim for either intentional or negligent infliction of emotional distress. In addition, the facts did not state a claim for defamation because the term "harassment" was not capable of defamatory meaning and was not published to a third party. Finally, the trial court dismissed Resident's claim for property damage because a prior action seeking the same relief was pending at the time the

court ruled on the preliminary objections. This appeal followed.[1]

Resident first contends the trial court erred by not granting her leave to amend to state a cause of action for defamation.[2] We disagree.

Our review of an order sustaining preliminary objections in the nature of a demurrer is limited to determining whether, on the facts alleged, the law states with certainty that no recovery is possible. *Walker v. Lawrence Township*, 791 A.2d 458 (Pa.Cmwlth.2002). We accept all well-pled allegations of material facts and all inferences reasonably drawn from them. *Id.* When considering a demurrer, no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues. *P.J.S. v. State Ethics Comm'n*, 669 A.2d 1105 (Pa. Cmwlth.1996). We will only reverse the trial court's decision if it has committed an error of law or an abuse of discretion. *Walker.*

Leave to amend a complaint is within the sound discretion of the trial court. *Simmons v. Township of Moon*, 144 Pa.Cmwlth. 198, 601 A.2d 425 (1991). Leave to amend will be withheld where the initial complaint reveals the prima facie elements cannot be established and where the defects are so substantial amendment is unlikely to cure them. *Simmons.*

A complaint stating a cause of action for defamation must allege: (1) the defamatory character of the communication; (2) publication of the communication to a third party; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. 42 Pa.C.S. § 8343; *Petula v. Mellody*, 138 Pa.Cmwlth. 411, 588 A.2d 103 (1991).

Whether a challenged statement is capable of defamatory meaning is a question of law for the court to determine in the first instance. *Kryeski v. Schott Glass Tech.*, 426 Pa.Super. 105, 626 A.2d 595 (1993). In making this determination, we view the statement in its factual context, because the key in determining defamatory meaning is the effect the statement would produce on its intended audience. *Baker v. Lafayette College*, 516 Pa. 291, 532 A.2d 399 (1987). If the court concludes the publication is incapable of defamatory meaning, the case is properly dismissed. *MacElree v. Philadelphia Newspapers, Inc.*, 544 Pa. 117, 674 A.2d 1050 (1996).

A communication is considered defamatory if it tends to harm the reputation of another so as to lower her in the estimation of the community or to deter third persons from associating or dealing with her. *MacElree.* A libel is a mali-

---

1. Resident appealed to the Superior Court, but then filed a motion to transfer. The Superior Court granted the motion because this appeal involves a non-profit corporation. Pursuant to 42 Pa. C.S. § 762(a)(5), we are vested with jurisdiction over actions involving non-profit corporations. Nevertheless, the corporate identity is not at issue. Consequently, we question this Court's jurisdiction here. Section 742 of the Judicial Code, 42 Pa.C.S. § 742. In the absence of any objection to our jurisdiction by either party, and in the interests of judicial economy, we have discretion to retain jurisdiction and to dispose of this case on the merits. *Commonwealth v. Harbst*, 763 A.2d 953 (Pa.Cmwlth.2000).

2. Count I of the complaint seeks damages for infliction of emotional distress. However, in her brief to this Court, Resident does not argue she should be granted leave to amend this count. Her failure to brief this issue results in waiver. *Pennsylvania Sch. Boards Ass'n v. Pub. Sch. Employees Ret. Sys.*, 751 A.2d 1237 (Pa.Cmwlth.2000) (party's failure to raise or develop an issue in its brief results in waiver).

ciously written publication that tends to blacken a person's reputation or expose her to public hatred, contempt or ridicule. *Goralski v. Pizzimenti*, 115 Pa.Cmwlth. 210, 540 A.2d 595 (1988). Although offensive to the subject, certain types of communications are not actionable. *Kryeski.* Generally, a statement that is merely an expression of opinion is not defamatory. *Id.*

Pennsylvania courts have adopted Section 566 of the Restatement (Second) of Torts as an aid in determining whether a statement is strictly opinion. *Green v. Mizner*, 692 A.2d 169 (Pa.Super.1997); *Goralski.* Section 566 states that a defamatory communication in the form of an opinion is only actionable if it implies the allegation of undisclosed defamatory facts as its basis. Restatement (Second) of Torts § 566. Further, comment (c) to Section 566 explains the distinction between non-actionable "pure" opinion and potentially actionable "mixed opinion." It states:

> A simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is. But an expression of opinion that is not based on disclosed or assumed facts and therefore implies that there are undisclosed facts on which the opinion is based, is treated differently. The difference lies in the effect upon the recipient of the communication. In the first case, the communication itself indicates to him that there is no defamatory factual statement. In the second, it does not, and if the recipient draws the reasonable conclusion that the derogatory opinion expressed in the comment must have been based on undisclosed defamatory facts, the defendant is subject to liability.

■ It is clear that expressions of pure opinion that rely on disclosed facts are not actionable. *Parano v. O'Connor*, 433 Pa.Super. 570, 641 A.2d 607 (1994) (statements plaintiff was adversarial, less than helpful and uncooperative were nonactionable opinion, where based on disclosed facts that plaintiff failed to return phone calls and provide necessary information); *Mathias v. Carpenter*, 402 Pa.Super. 358, 587 A.2d 1 (1991) (statements concerning photograph of school directors smiling after being found guilty of violating Sunshine Law were non-actionable opinion, where factual statements underlying opinion disclosed); *Goralski* (statement that substitute teacher engaged in "misconduct" was non-actionable opinion, where disclosed facts supported determination).

■ *Goralski* is instructive. In *Goralski*, a substitute teacher claimed the school district's use of the term "misconduct" in her termination letter constituted defamation. This letter stated the teacher's frequent absences and abusive language toward another employee was "misconduct." The teacher argued that use of the term "misconduct" was defamatory. We disagreed, holding that use of the term "misconduct," was merely an expression of opinion, supported by clearly disclosed facts concerning the teacher's absences and abusive language. Because the term "misconduct" was pure opinion, it was not capable of defamatory meaning and the case was properly dismissed.

Here, as in *Goralski*, Lafayette's letter clearly discloses the facts supporting an opinion that Resident's behavior constitutes "harassment." The use of this term clearly refers to an incident in which Resident approached another unit owner in a confrontational manner. The letter specifies the date and time of the incident. Like the term "misconduct" in *Goralski*, the term "harassment" does not imply the

existence of undisclosed facts. Therefore, the statement is not actionable because it is an expression of opinion, and Resident's claim for defamation was properly dismissed.

We agree with the trial court that the letter is not actionable as a matter of law.[3] Because this defect cannot be cured by amendment, the trial court did not err in refusing an amendment.

Resident also argues the trial court erred by failing to consolidate Count III of her complaint with a prior pending action. This claim lacks merit.

To sustain preliminary objections on the basis of pendency of a prior action, we must determine that, in each case, the same parties were involved, the same rights were asserted, and the same relief was sought. *Commonwealth ex rel. Lindsley v. Robinson*, 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). The purpose of this rule is to protect a defendant from harassment by having to defend several suits on the same cause of action at the same time. *Pennsylvania Pharmacists Ass'n v. Dep't of Public Welfare*, 733 A.2d 666 (Pa. Cmwlth.1999). Moreover, the trial court is not required to authorize the duplication of effort and waste of judicial resources that would result from allowing both cases to proceed simultaneously, in a race to judgment. *Klein v. City of Philadelphia*, 77 Pa.Cmwlth. 251, 465 A.2d 730 (1983). Here, it is undisputed Resident filed a claim identical to Count III with the trial court. Brief of Appellant at 16.

She argues, however, the trial court's failure to consolidate the two actions was error. We disagree. Actions pending in a

county which involve common questions of law or fact may be ordered consolidated by the court or on the motion of any party. Pa. R.C.P. No. 213(a). The decision to consolidate, however, rests within the discretion of the trial court and is not a matter of right. *Id.*

Resident never filed a motion to consolidate with the trial court.[4] In addition, the present case is not at issue. *See* 3 *Standard Pa. Practice* 2d, § 19.11 (2002 ed.)(court may consider whether case is at issue in decision regarding consolidation). Given the trial court's correct decision to sustain demurrers to the other counts, we discern no abuse of discretion in the order terminating this case and permitting the prior action to proceed on its own merits.

Accordingly, we affirm.

### ORDER

AND NOW, this 30th day of August, 2002, the order of the Court of Common Pleas of Montgomery County is affirmed.

---

**3.** We may affirm an order for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record. *Pennsylvania State Police v. Paulshock*, 789 A.2d 309 (Pa.Cmwlth.2001).

**4.** Resident referenced consolidation in the claim for relief paragraph on page five of her unverified Reply to Lafayette's preliminary objections.