# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Gilmore, :
: No. 1301 C.D. 2016
Appellant : Submitted: January 13, 2017
:
v. :
:
Kenneth Cameron, :
Doretta Chencharik :
and Sergeant Morrison :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                      FILED: June 20, 2017

George Gilmore appeals *pro se* the order of the Clearfield County Court of Common Pleas (trial court) dismissing his complaint with prejudice pursuant to Pa. R.C.P. No. 240(j)(1).[1]  We affirm.

---

[1] Pa. R.C.P. No. 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Id.*, *Note* (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).

Gilmore is an inmate presently housed at the State Correctional Institution (SCI), Dallas. Gilmore alleges that in September 2013, while he was housed at SCI, Houtzdale, he gave a pair of defective Timberland boots to the mail supervisor at the facility to be shipped for return and replacement by the company. In April 2014, he filed a grievance against Kenneth Cameron, the facility's superintendent, Doretta Chencharick, the superintendent's assistant, and Sergeant Morrison, the property sergeant at the facility's Receiving and Delivery Department (collectively, Prison Officials) because the boots had allegedly not been shipped back to Timberland at that time. Ultimately, in July 2014, Gilmore had exhausted the grievance process without relief and the replacement boots were purportedly destroyed because Gilmore had filed the grievances and a federal lawsuit.

On December 12, 2014, Gilmore filed a complaint in the trial court, docketed at No. 2015-91-CD, against the Prison Officials seeking compensatory and punitive damages for the confiscation and destruction of his replacement boots and an application to proceed *in forma pauperis*. On January 22, 2015, the trial court issued an opinion and order dismissing the complaint with prejudice pursuant to Pa. R.C.P. No. 240(j)(1).[2]

---

[2] As the trial court explained:

> [Gilmore's] Complaint seeks relief for the confiscation of shoes by prison officials. [Gilmore] avers that he was sent a pair of shoes by the shoe manufacturer as a replacement for defective shoes. [Gilmore's] original shoes were within prison regulations, however, the documents that [Gilmore] has included with his Complaint indicate that the replacement shoes were not within prison regulations. As such, the replacement shoes were confiscated by prison officials. [Gilmore] pursued relief for the confiscation of his shoes through the prison grievance system and

**(Footnote continued on next page…)**

2

On May 13, 2016, Gilmore filed another complaint in the trial court in assumpsit, docketed at No. 2016-889-CD, against the Prison Officials "seeking damages based upon 'the reckless, deliberately indifferent, outrageous, malicious, negligent and wrongful conduct' of the [Prison Officials] in the mishandling and destruction of [Gilmore's] Timberland boots." Trial Court 6/7/16 Order at ¶2. Gilmore sought "judgment against the [Prison Officials] 'in excess of one hundred fifty thousand dollars . . .' plus punitive damages, attorney fees and costs." *Id.* at ¶3. Gilmore also filed a petition for leave to proceed *in forma pauperis*.

However, the trial court noted that "[t]he earlier case was filed [at] No. 2015-91-CD in the Office of the Clearfield County Prothonotary;" that "[b]y Opinion and Order of January 22, 2015[,] the Court dismissed the Complaint with prejudice under [Pa. R.C.P. No. 240(j)(1)]"; and that in the prior case, Gilmore "submitted what in essence is the same case raising various claims against prison

---

**(continued…)**

> was denied relief. As a result of this [Gilmore] has filed a complaint against the prison officials for: breach of contract, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), [Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1 – 201-9.3], breach of the Uniform Commercial Code (UCC), [13 Pa. C.S. §§1101-9809], intentional infliction of emotional distress, destruction of property, harassment, racial intimidation, and fraud. [Gilmore] seeks $5000.00 in compensatory damages from each [of the prison officials] and $1000.00 per [prison official] in punitive damages. These claims are frivolous on their face and will be summarily dismissed by the Court. [Perhaps the most appropriate course of conduct for [Gilmore] is to seek replacement shoes from the manufacturer that do conform to prison regulations].

Trial Court 1/22/15 Opinion and Order at 2.

officials as a result of the destruction of the same Timberland boots." Trial Court 6/7/16 Order at ¶¶4, 5. The trial court also explained that Gilmore "did not appeal this dismissal to either the Pennsylvania Superior Court or Commonwealth Court" and that "[a]s such, the dismissal is final. By law [Gilmore] cannot file another lawsuit raising claims against prison officials based upon destruction of the same Timberland boots." *Id.* at ¶¶6, 7. The trial court concluded that, "[a]s such, the pro se Complaint in the case at bar is legally inappropriate and frivolous" and issued the order dismissing Gilmore's complaint with prejudice pursuant to Pa. R.C.P. No. 240(j)(1). *Id.* at ¶¶8, 9. Gilmore then filed the instant appeal of the trial court's order.[3]

On appeal, Gilmore argues that the trial court erred in failing to transmit a copy of its January 22, 2015 order dismissing with prejudice the complaint filed at No. 2015-91-CD because it precluded him from timely appealing that order or seeking leave to amend his complaint under Pa. R.C.P. No. 1033,[4] and that the court erred by not allowing Gilmore to amend his complaint

---

[3] Our review of an order disposing of a petition for leave to proceed *in forma pauperis* and the underlying complaint pursuant to Pa. R.C.P. No. 240(j)(1) is limited to determining whether the trial court violated a party's constitutional rights, abused its discretion or committed an error of law. *Thomas v. Holtz*, 707 A.2d 569, 570 (Pa. Cmwlth. 1998).

[4] Pa. R.C.P. No. 1033(a) states, in relevant part:

A party, either by filed consent of the adverse party or by leave of court may at any time change the form of action . . . or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.

4

under Pa. R.C.P. No. 1033 because it would "serve no legal purpose."[5] Trial Court 8/18/16 Order at ¶5. Importantly, in this appeal, Gilmore does not argue that the trial court erred in dismissing the complaint as frivolous pursuant to Pa. R.C.P. No. 240(j)(1).

However, the certified record demonstrates that Gilmore never sought leave to appeal *nunc pro tunc* the trial court's January 22, 2015 order dismissing the complaint at No. 2015-91-CD based on its failure to properly serve him with the order,[6] nor leave to amend the complaint at No. 2016-889-CD pursuant to

---

[5] Gilmore first raised both of these claims in his Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal. The trial court rejected the claims stating, "whether or not [Gilmore] received an Order in the other case is not relevant to this case" and that "[p]ermitting amendment of the pro se Complaint will serve no legal purpose." Trial Court 8/18/16 Order at ¶5. The trial court also explained that it "has no jurisdiction to litigate this matter pursuant to *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998)." *Id.* at ¶6.

[6] The Supreme Court has stated that "an appeal cannot be extended as a matter of grace or mere indulgence." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000). Rather:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the "principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Commonwealth v. Stock*, [679 A.2d 760, 764 (Pa. 1996)]. Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was "fraud or a breakdown in the court's operations through a default of its officers." *Bass* [*v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979)]; *see also Stock*, [] 679 A.2d at 763; *Hanoverian, Inc. v. Lehigh County Bd. of Assessment*, 701 A.2d 288, 289 (Pa. [Cmwlth.] 1997) ("[A] court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing that extraordinary circumstances involving fraud, or its equivalent, duress, or coercion caused the delay in filing an appeal.").

**(Footnote continued on next page…)**

Pa. R.C.P. No. 1033.[7] It cannot be said that the trial court erred or abused its discretion by failing to grant the specified relief when Gilmore never asked the

---

**(continued…)**

*Union Electric Corporation*, 746 A.2d at 584. Although the trial court's failure to serve Gilmore with the order dismissing his complaint at No. 2015-91-CD may well constitute such a "breakdown in the court's operations" warranting the grant of an appeal *nunc pro tunc*, as outlined above, Gilmore never sought such relief.

[7] The Supreme Court has explained:

> [Pa. R.C.P. No. 1033] allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Connor v. Allegheny General Hospital*, [461 A.2d 600, 602 (Pa. 1983)].

> Here, petitioner's claim fails because he never requested that the Commonwealth Court allow him leave to amend [his petition for review]. Appellant fails to cite to any case law, and we can find none, requiring a court to *sua sponte* order or require a party to amend his pleading. Moreover, a court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. *See Spain v. Vicente*, [461 A.2d 833, 837 (Pa. Super. 1983)] (trial court did not err in refusing to permit amendment of defamation complaint to allow more specific details since no formal motion to amend was ever made and plaintiff's deposition militated against likelihood of establishing claim). Thus, appellant's claim must fail.

*Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (footnote omitted).

The Supreme Court has also recognized that "[p]rison inmates do not have the right to possess civilian clothing. Indeed, department directives specify exactly what property may be possessed or purchased either in the prison commissary or through outside sources. *See* DC-ADM 815." *Bronson*, 721 A.2d at 359-60. DC-ADM 815 §3(C)(1)(n) designates "civilian
**(Footnote continued on next page…)**

6

court to do so. *See, e.g., Florimonte v. Borough of Dalton*, (Pa. Cmwlth. No. 266 C.D. 2001, filed January 27, 2012), slip op. at 6-7 ("Florimonte did not request, either in her briefs to or in her argument before the trial court, that the trial court consolidate her 2010 Complaint with her 2003 Complaint as an alternative to dismissing the 2010 Complaint. Because Florimonte never requested that the trial court consolidate her claims pursuant to [Pa. R.C.P. No.] 213, we cannot say that the trial court abused its discretion in not doing so.").

Moreover, the foregoing claims were first raised by Gilmore in his Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal. "The law is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a [Pa. R.A.P.] 1925(b) statement of errors complained of on appeal. Pa. R.A.P. 302(a);[8] *Orange Stones Co. v. City of Reading*, 32 A.3d 287 (Pa. Cmwlth. 2011)." *Kuziak v. Borough of Danville*, 125 A.3d 470, 478-79

---

**(continued…)**

clothing" as contraband and subsection (C)(8) states that "[a]ll items deemed to be contraband will be destroyed or otherwise disposed of. . . . When an inmate files a grievance regarding confiscated contraband, destruction of the property will only occur after the appeal process has been exhausted." The exhibits to Gilmore's complaint demonstrate that the contraband replacement boots were destroyed after the grievance appeal process had been exhausted and after the 30-day period had lapsed within which he was directed to provide an address to which the contraband boots should be shipped. *See* Plaintiff's Complaint in Assumpsit at Exhibits D, E, F. The foregoing militates against the likelihood of establishing a claim. *Goodley v. Folino*, (Pa. Cmwlth. No. 2376 C.D. 2010, filed July 1, 2011), slip op. at 7-8; *Mitchell v. Webb*, (Pa. Cmwlth. No. 1304 C.D. 2010, filed January 11, 2011), slip op. at 2-3. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[8] Pa. R.A.P. 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

(Pa. Cmwlth. 2015). As a result, these allegations of error will not be considered for the first time in this appeal.

Accordingly, the trial court's order is affirmed.[9]

---

[9] We may affirm the trial court's order for any basis appearing in the record. *Feldman v. Lafayette Green Condominium Association*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Gilmore,                    :
                                   : No. 1301 C.D. 2016
                    Appellant      :
                                   :
          v.                       :
                                   :
Kenneth Cameron,                   :
Doretta Chencharik                 :
and Sergeant Morrison              :

**PER CURIAM**

**O R D E R**


          AND NOW, this 20<u>th</u> day of <u>June</u>, 2017, the order of the Clearfield County Court of Common Pleas dated June 7, 2016, at No. 2016-889-CD is AFFIRMED.