# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,                       :

              Appellant        :

                               :

              v.                :    No. 1435 C.D. 2017

                               :    Submitted: March 16, 2018

R. Seth Williams, in his personal and   :

professional capacities and Kathleen    :

Martin, in her personal and              :

professional capacities                 :

**OPINION NOT REPORTED**

**MEMORANUM OPINION**

**PER CURIAM**                                 **FILED: May 8, 2018**

Joan Lichtman (Lichtman), pro se, appeals from an Order of the Court of Common Pleas of Philadelphia County (common pleas), entered July 13, 2017, which denied her motion for reconsideration of its Order, entered June 28, 2017. In the June 28, 2017 Order, common pleas dismissed Lichtman's Complaint without prejudice[1] pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure,

---

[1] Although common pleas did not dismiss Lichtman's Complaint with prejudice, common pleas did not grant Lichtman leave to amend and, therefore, we conclude that the June 28, 2017 Order is a final order. *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1038 (Pa. Super. 1987); *see Schneller v. Prothonotary of Montgomery Cty.* (Pa. Cmwlth., No. 1316 C.D. 2016, filed Sept. 12, 2017), slip op. at 5 n.4 (holding that order sustaining preliminary objections was a final order where the order did not specify whether or not complaint was dismissed with prejudice, and order did not grant leave to amend); *Weaver v. Rohrer* (Pa. Cmwlth., No. 1286 C.D. 2007, filed Feb. 25, 2008), slip op. at 16-17 (affirming order dismissing complaint without prejudice pursuant to Pennsylvania Rule of Civil Procedure No. 240(j)(1)). *Schneller* and *Weaver* are cited for their persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

Pa.R.C.P. No. 240(j)(1).[2]  Upon review, we conclude, albeit for different reasons, that common pleas correctly concluded that the Complaint was frivolous within the meaning of Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure and, therefore, we affirm.[3]

Although Lichtman's 169-paragraph Complaint is difficult to decipher, she appears to allege the following.  Certain members of the Pennsylvania Bar, both public officials and private attorneys, illegally seized her personal and real property, which was then sold at a sheriff's sale.  When Lichtman brought this to the attention of former District Attorney for the City of Philadelphia, R. Seth Williams, and former First Assistant District Attorney for the City of Philadelphia, Kathleen Martin, they failed to bring criminal charges against these members of the Bar despite Williams and Martin having a mandatory, ministerial obligation to do so.  As relief, Lichtman sought to compel Williams and Martin to bring criminal charges against these members of the Bar, as well as damages.[4]  (Complaint (Compl.) ¶¶ 2-20, Wherefore Clause.)  Contemporaneous with the filing of the Complaint, Lichtman petitioned to proceed *in forma pauperis* (IFP) (IFP Petition).

---

[2] Rule 240(j)(1) states:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).  A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Id.*, *Note* (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).

[3] Lichtman's motion to disqualify counsel for R. Seth Williams and Kathleen Martin is denied.

[4] Neither party addresses the significance of the fact that Williams and Martin are no longer employed by the City of Philadelphia District Attorney's Office and that Lichtman did not name the Office of the District Attorney for the City of Philadelphia itself as a defendant.

2

By Order entered June 28, 2017, common pleas, upon considering Lichtman's IFP Petition and her Complaint, dismissed the Complaint for failure to state a claim upon which relief could be granted pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 240(j)(1).

Lichtman then moved for reconsideration of the June 28, 2017 Order. By Order entered July 13, 2017, common pleas denied Lichtman's motion for reconsideration. On July 17, 2017, Lichtman filed a notice of appeal with this Court, appealing from the July 13, 2017 Order.

Following the filing of the notice of appeal, common pleas issued its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), explaining that Lichtman's Complaint was frivolous because Lichtman failed to allege the facts necessary to support her claims of violations of the Philadelphia Code and fraud.

On appeal,[5] Lichtman appears to argue that common pleas erred: (1) in not ruling on her IFP Petition; (2) in transferring a civil case to a sitting judge in the criminal division; (3) in incorrectly applying the rule governing an IFP petition as the basis for dismissing the Complaint on the merits; (4) in not reporting alleged attorney misconduct to attorney disciplinary and prosecutorial authorities; (5) in not applying relevant provisions of the Philadelphia Code[6] to this matter; and (6) in dismissing the Complaint without actually having read it.

---

[5] In reviewing a decision of common pleas to dismiss a complaint pursuant to Pa.R.C.P. No. 240(j)(1), this Court is limited to determining whether the plaintiff's constitutional rights were violated, whether common pleas abused its discretion, and whether common pleas committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[6] Lichtman cites to Chapter 9-1600 of the Philadelphia Code, which prohibits unlawful eviction practices. Philadelphia, Pa., Code §§ 9-1600-1608 (2016).

3

Lichtman's notice of appeal states that she is appealing from common pleas' July 13, 2017 Order, which denied her motion for reconsideration of common pleas' June 28, 2017 Order, which dismissed her Complaint without prejudice pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure. However, an order denying reconsideration of a final order is not an appealable order. *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016). Nevertheless, Lichtman filed her notice of appeal on July 17, 2017, less than 30 days after common pleas' June 28, 2017 Order. Therefore, we will consider the notice of appeal as an appeal of the June 28, 2017 Order and address the merits of Lichtman's appeal. *Id.*

Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure allows the court to dismiss a complaint, prior to acting upon an IFP petition, if the court determines the accompanying complaint is frivolous. Pa.R.C.P. No. 240(j)(1). "A frivolous action is one that 'lacks an arguable basis either in law or in fact.'" *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015) (quoting Pa.R.C.P. No. 240(j)(1), *Note*). An action is frivolous under Rule 240(j)(1) "if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997).

As noted, Lichtman sought to compel Williams and Martin to bring criminal charges against certain members of the Bar who she alleges illegally seized Lichtman's personal and real property, which was then sold at a sheriff's sale. In essence, therefore, what Lichtman seeks is a writ of mandamus. A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty. *Sturgis v. Doe*, 26 A.3d 1221, 1223 (Pa. Cmwlth. 2011). However, mandamus will not lie to compel discretionary acts. *Id.*; *see Bronson v. Pa. Bd. of Prob. and Parole*, 421 A.2d 1021, 1023 (Pa. 1980).

4

A prosecutor has broad discretion in deciding whether to prosecute an alleged criminal offender. *Konya v. Dist. Att'y of Northampton Cty.*, 669 A.2d 890, 892-93 (Pa. 1995). As such, a citizen has "no legal right to compel . . . a District Attorney to prosecute the individuals named in [a] private criminal complaint." *Id.* at 893; *see* Rule 506 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 506 (setting forth the procedure for approval of a private criminal complaint); *Seeton v. Adams*, 50 A.3d 268, 269-70, 275-77 (Pa. Cmwlth. 2012) (holding that mandamus would not lie to compel Berks County District Attorney to prosecute a sportsmen's club for conducting a live pigeon shoot in a manner that allegedly violated the law because the exercise of District Attorney's prosecutorial discretion was beyond the reach of the writ of mandamus).[7] In addition, a prosecutor is absolutely immunized in his or her decision to initiate or move forward with a criminal prosecution. *Petition of Dwyer*, 406 A.2d 1355, 1359 (Pa. 1979).

Since Lichtman seeks to compel Williams and Martin to perform a discretionary act, and an award of damages for what constitutes an absolutely immunized decision, Lichtman's Complaint "lacks an arguable basis . . . in law" and, therefore, is frivolous.[8] Pa.R.C.P. No. 240(j)(1), *Note*. Accordingly, common pleas

---

[7] Lichtman alleges that despite presenting incriminating evidence to Williams and Martin, and despite multiple requests to initiate a criminal prosecution, Williams and Martin have not done so. (Compl. ¶ 15.) Lichtman did not allege in the Complaint, however, that she submitted a private criminal complaint to an attorney for the Commonwealth in accordance with Rule 506 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 506.

[8] "We may affirm an order for any reason, regardless of [common pleas'] rationale, so long as the basis for our decision is clear on the record." *Feldman v. Lafayette Green Condo. Ass'n*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002).

properly dismissed the Complaint pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure.[9]

---

[9] None of the other arguments of Lichtman warrant reversal. Once common pleas ruled that Lichtman's Complaint was frivolous, there was no need to address her IFP Petition. Pa.R.C.P. No. 240(j)(1) (stating that "the court **prior** to acting upon the petition may dismiss the action") (emphasis added). At the time Judge Lisette Shirdan-Harris rendered the June 28, 2017 Order, she was sitting in the Civil Trial Division. *See generally* 201 Pa. Code § 702 (giving president judge of a court of common pleas authority to make temporary assignments of judges from one division of the court to another). Whether common pleas had an obligation to report the conduct alleged in the Complaint to attorney disciplinary and prosecutorial authorities is irrelevant to common pleas' determination to dismiss the Complaint pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure and, in any event, a complaint consists of mere allegations. The provisions of the Philadelphia Code Lichtman cites do not alter the facts that she seeks to compel a discretionary act and that the decision whether to initiate a criminal prosecution is absolutely immunized. There is nothing in the record to suggest that common pleas did not read the Complaint before dismissing it. In fact, to the contrary, the June 28, 2017 Order expressly states that common pleas reviewed the Complaint.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,               :
                 Appellant     :
                          :
            v.           :   No. 1435 C.D. 2017
                          :
R. Seth Williams, in his personal and    :
professional capacities and Kathleen   :
Martin, in her personal and           :
professional capacities            :

**PER CURIAM**               **O R D E R**

     **NOW**, May 8, 2018, the Order of the Court of Common Pleas of Philadelphia County, entered June 28, 2017, is hereby **AFFIRMED**. The motion of Joan Lichtman to disqualify counsel for R. Seth Williams and Kathleen Martin is **DENIED**.